Steven **MOREDOCK**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 182S10.

Supreme Court of Indiana.

Dec. 3, 1982.

J. Richard Kiefer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of rape while armed with a deadly weapon and confinement. He was sentenced to a thirty (30) year term and a ten (10) year term of imprisonment for the respective offenses. The sentences were ordered to be served consecutively.

The record reveals the victim, S.B., testified she had been introduced to the appellant by her brother who had previously lived with her. S.B. further stated appellant had come to her apartment looking for her brother once before the day of the rape. Because he was familiar to her, S.B. opened the door and appellant came into her apartment on December 1, 1980, sometime around 11:00 a.m. Allegedly threatening her with a gun and a knife, appellant raped S.B. Appellant pushed S.B. down a flight of stairs. He left her apartment approximately one to one and a half hours after the attack. At 2:10 p.m., a Marion County Sheriff's Deputy began his investigation.

Dr. Payne examined the victim at a hospital emergency room at 3:40 p.m. He testified he found no bruises, lacerations or trauma.

Appellant raises four issues for our review. Because we find one issue to be dispositive, we address only his claim of newly discovered evidence.

The standards applied in determining whether an appellant is entitled to a new trial based on newly discovered evidence were stated in *Smith v. State,* (1982) Ind., 429 N.E.2d 956, 958, quoting *Emerson v. State,* (1972) 259 Ind. 399, 406–7, 287 N.E.2d 867, 871–2:

" 'An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Cansler v. State,* (1972) [258] Ind. [450], 281 N.E.2d 881; *Tungate v. State,* (1958) 238 Ind. 48, 147 N.E.2d 232. In deciding whether a piece of evidence would produce a different result the presiding judge may properly consider the weight which a reasonable trier of fact would give it, and while so doing, may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case.' "

The ruling on a request for a new trial based on newly discovered evidence is within the discretion of the trial court and will not be disturbed unless there has been an abuse of that discretion. *Smith, supra.*

In the case at bar, appellant's counsel filed a motion to correct errors based on newly discovered evidence as set forth by Trial Rule 59(H), Indiana Rules of Trial Procedure. Verified affidavits accompanying the motion to correct errors were made by appellant, his trial counsel and two affiants.

The victim's cousin made an affidavit stating: (1) that the victim's boyfriend came to his apartment saying the victim had been raped; (2) that he thereafter went with the boyfriend to the victim's residence; (3) that the victim "did not seem very upset, at all;" (4) that he noticed "a lot of contradictions in what she told the police;" (5) that he knew the appellant had dated the victim for months before the alleged rape and had spent many nights with her; (6) that "[s]hortly before this incident . . . [the victim] told me she wanted [her boyfriend] to move out and she was trying to get rid of him. [The boyfriend] had told me (also before December) that if a woman of his ever got raped he would not stay with her. It seemed strange to me that soon after [the victim] said she wanted to get rid of [her boyfriend], she said [appellant] raped her;" (7) that the victim demonstrated remorse in filing charges against appellant and intended to drop charges; (8) that the victim tacitly admitted appellant did not rape her; (9) that the victim had emotional problems and was known to overdramatize and tell untruths.

A neighbor of the victim provided an affidavit stating she had seen appellant at the victim's apartment "dozens of times last summer—at all times of day and evening." Her affidavit further stated the victim had a reputation for lying.

Appellant's trial counsel also provided an affidavit which stated he had not contacted either affiant nor was aware of the information contained therein.

Contending this information does not require a new trial, the State argues the evidence could have been discovered for trial if due diligence had been used. The State also asserts the evidence is merely impeaching.

While impeaching testimony regarding the victim's relationship with appellant could have been discovered before trial, such evidence is not a defense to rape. The most significant information contained in the affidavits is the victim's tacit admission to her cousin that appellant had not raped her. Appellant did not disclose to his attorney, nor was he apparently aware of, any such exculpatory evidence.

 Silence or an equivocal response to an assertion made by another, which would ordinarily be expected to be denied, is a tacit admission. *Wickliffe v. State,* (1981) Ind., 424 N.E.2d 1007. The assertion and the words or conduct are admissible if the reaction is not a clear denial. *Jethroe v. State,* (1974) 262 Ind. 505, 319 N.E.2d 133. The extrajudicial admissions of witnesses who testify and are subject to cross-examination are admissible as substantive evidence to the extent that they are relevant. *Williams v. State,* (1981) Ind., 426 N.E.2d 662. Thus, the victim's tacit admission is not only impeaching of her in court testimony, it could also properly be considered by the jury as substantive evidence. The evidence comports to the remaining criteria set forth above.

In *Key v. State,* (1956) 235 Ind. 172, 132 N.E.2d 143, we granted a new trial based on an affidavit of a jailer accompanying the appellant's motion to correct errors. The content of the jailer's affidavit was that an alleged accomplice, the crucial witness against appellant, had disclosed to the officer that he intended to "take Key with him to the penitentiary" because Key had dated his wife. We held in *Key, supra,* a "significant and startling revelation," indicating perjury on the part of the State's crucial witness, which could probably have produced a different result, required a new trial.

Similarly, in the case at bar, evidence of the victim's tacit admission that no rape occurred, her motive for alleging the rape, and her relationship with appellant could have cast doubt on the testimony that supported the conviction. We also note the victim claimed appellant had pushed her down a flight of stairs, yet the examining physician observed no bruises, lacerations or trauma to any part of the victim's body.

 In view of all the facts and circumstances shown at the original trial, and the newly developed evidence indicated in the affidavits accompanying the motion to correct errors, we hold the trial court should have granted a new trial.

Therefore, the cause is reversed and remanded for a new trial.

All Justices concur.