David E. FRANCIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00-8708-CR-786.

Supreme Court of Indiana.

Oct. 26, 1989.

Transfer Denied Dec. 14, 1989.

Carl A. Salzmann, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen. and John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Francis was tried to a jury and found guilty of incest, a Class D felony. I.C. 35–46–1–3(a). He was given a two-year sentence, which was enhanced by thirty years pursuant to a finding that he is a habitual offender. I.C. 35–50–2–8. Francis appeals his conviction and asserts as one of five bases of error that the trial court erred in denying his motion to correct errors in the face of exculpatory evidence discovered subsequent to his conviction. Because we find that the newly discovered evidence does require the reversal of appellant's conviction, we do not reach his other allegations.

The evidence produced at trial showed that on the evening of March 30, 1986, appellant's nine-year-old stepdaughter was hospitalized following a bicycle accident and that appellant and the putative victim, his own sixteen-year-old daughter, E.F., arrived at the hospital at about 10:30 p.m. In the early morning hours of March 31, Gary Phelps brought appellant the keys to the Somerset tavern where they both worked following the closing of that establishment. E.F. testified that her stepmother decided to remain overnight with the younger girl and that she and her father left the hospital together. E.F. testified further that after arriving home, appellant forced her to have sexual intercourse with him at approximately 3:00 a.m. on March 31.

Appellant's defense was that the incident never occurred and that E.F.'s testimony was a complete fabrication. Gary Phelps testified that while appellant and his wife conferred with the doctor in the hospital hallway, E.F. asked him to pick her up at her home after they all left the hospital. Phelps said that he did so and that he and E.F. drove to the parking lot of the Somerset where they engaged in consensual sexual intercourse at the same time that E.F. claimed she was at home being molested by her father. The jury returned a verdict of guilty against appellant, apparently having given more weight to E.F.'s testimony than to that of Phelps.

■ In his motion to correct errors, appellant asserted that he was entitled to a new trial on the basis of newly discovered evidence. In support of his motion, appellant attached two affidavits which set forth that at approximately 3:30 a.m. on March 31, 1986, the affiants saw E.F. with Gary Phelps in his truck in the Somerset parking lot. This Court has specified that where an appellant's motion to correct errors includes a claim of entitlement to a new trial based on the discovery of new evidence subsequent to trial, appellant must show

(1) [T]hat the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced on a retrial of the cause;

and (9) that it will probably produce a different result. [Citation omitted.] *Reed v. State* (1985), Ind., 479 N.E.2d 1248, 1252 (*quoting Augustine v. State* (1984), Ind., 461 N.E.2d 101, 104, *reh'g denied*). Of particular relevance here are that the proffered new evidence was not discoverable upon due diligence in time for trial, that it is not cumulative nor merely impeaching, and that it will probably produce a different result upon a retrial.

■ Appellant must first show that "through no failure of diligence on the part of appellant was this [new] evidence not discovered prior to trial." *Taylor v. State* (1971), 256 Ind. 92, 93–94, 267 N.E.2d 60, 61 (citation omitted). The new witnesses state in their affidavits that they saw Gary Phelps and E.F. from the parking lot of their workplace, the Chevrolet plant behind and adjacent to the Somerset parking lot, and that they did not come forward earlier because they were unaware of the significance of their observations. The record shows that defense counsel investigated the case and presented a vigorous defense, including the exculpatory testimony of Phelps. The due diligence requirement did not include polling all the employees of the neighboring industrial site in hopes of finding workers that were outside the plant at the crucial time and able to observe, identify, and remember who was in the Somerset lot. *See also Newell v. Walker* (1985), Ind.App., 478 N.E.2d 1246 (testimony of witness to an accident who came forward after completion of trial held to be newly discovered evidence not discoverable upon due diligence and sufficient to support the grant of a new trial where witness was told at the scene that no further statements of witnesses would be needed).

■ The State contends that the testimony of these two witnesses merely corroborates the testimony of Phelps, constitut-

ing evidence that is cumulative to that of Phelps or impeaching as to that of E.F., and therefore fails to meet the standard necessary to warrant a new trial. We believe, however, that the evidence goes beyond being merely impeaching or cumulative and that it could "properly be considered by the jury as substantive evidence." *Moredock v. State* (1982), Ind., 441 N.E.2d 1372, 1374. This Court in *Moredock* reversed a trial court's denial of the defendant's motion to correct errors and remanded for a new trial based on evidence discovered subsequent to trial which was found not only to impeach the prosecuting witness's testimony, but also to have substantive weight which could have affected the outcome of the trial. *Id.* There, the discovery of a tacit admission by the prosecuting witness that the charged assault did not happen "could have cast doubt on the testimony that supported the conviction" and provided the basis for a new trial, *id.;* here, the discovery of two eyewitnesses placing the putative victim away from the scene of the crime at the time it was allegedly committed does the same. Like the new evidence in *Moredock*, the testimony of these two disinterested witnesses does not merely impeach E.F.'s testimony, but has independent, probative merit of its own.

Appellant's new evidence also satisfies that part of the test requiring probability of a different verdict upon retrial. The application of this standard was explicated in *Loyd v. State*, 272 Ind. 404, 413, 398 N.E.2d 1260, 1268, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (1980): "If the omitted evidence, when revealed, creates a reasonable doubt that did not otherwise exist, then it is probable that a different verdict would have been returned had such evidence been presented." [1] The resolution of this cause turned entirely on whether the jury accepted the account of

---

**1.** Appellant Loyd had moved for a new trial on the basis of the State's violation of a discovery order which directed the disclosure of certain material evidence. He argued that in this context, the Court should employ "the constitutional standard," which would require the grant of a new trial " 'if the omitted evidence creates a reasonable doubt that did not otherwise exist[,]' " rather than determining his entitlement

to a new trial by assessing the disgorged State evidence as newly discovered evidence. *Loyd,* 272 Ind. at 413, 398 N.E.2d at 1269 (*quoting United States v. Agurs,* 427 U.S. 97, 112, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342, 355 (1976)). This Court, however, rejected that argument, stating that "[a]side from the due diligence proviso of the newly discovered evidence rule, there is no practical distinction between the two tests. *Id.*

E.F. or of Gary Phelps as being that which truly related the events in issue here. The statements of the two new witnesses cast serious doubt on the testimony which supported the conviction and gives rise to a reasonable doubt as to the guilt of appellant.

 The standard for review of a ruling on a request for a new trial based on newly discovered evidence is deferential: The ruling is "within the discretion of the trial court and will not be disturbed unless there has been an abuse of that discretion," *Moredock*, 441 N.E.2d at 1373 (citation omitted), and the burden is on appellant to show that the newly discovered evidence meets

the prerequisite for a new trial, *Reed*, 479 N.E.2d at 1252. Appellant has made such a showing and, particularly given this evidence's high potential for determinative impact, the court below should have ordered a new trial following its review of appellant's motion to correct errors. The judgment of the trial court is reversed, and this cause is remanded for a new trial.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.