Larry D. FOX, Sr., Appellant,

v.

STATE of Indiana, Appellee.

No. 72S00–8811–CR–907.

Supreme Court of Indiana.

March 19, 1991.

Russell A. Johnson, Jones Loveall and Johnson, Franklin, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Roger L. Duvall, Pros. Atty. of Scott County, Scottsburg, for appellee.

PETITION FOR REHEARING

DeBRULER, Justice.

Appellant Fox was tried by jury and convicted of the murder of Joyce Beyers. She

drowned in the waters of Hardy Lake in Scott County while boating with appellant. Her body showed injuries on the legs between the knee and ankle, an injury to the arm, and two fresh bruises on the back of the head. The cause of death was asphyxia due to drowning. A sentence of forty years was given. The conviction was affirmed by a divided Court with separate opinions appearing at 560 N.E.2d 648. Appellant has filed a timely application for a rehearing pursuant to Ind. Appellate Rule 11(A). Appellant asserts in part in the application that this Court's decision was in error in rejecting his claim that he is entitled to a new trial based on newly discovered evidence.

■ The newly discovered evidence claim was made by appellant in a post-trial motion to correct errors. Such claim for a new trial is authorized by Ind.Crim.Rule 16 and Ind.Trial Rule 56. *Wilson v. State* (1987), Ind., 511 N.E.2d 1014. A motion to correct error based upon the ground of newly discovered evidence must be supported by one or more affidavits which must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Emerson v. State* (1972), 259 Ind. 399, 287 N.E.2d 867. In ruling whether a piece of evidence would produce a different result, the judge may properly consider the weight that a reasonable trier of fact would give it and, while so doing, may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case. *Id.* On appeal, the denial of a motion predicated on newly discovered evidence is considered a discretionary ruling and is reviewed deferentially. *Hammers v. State* (1987), Ind., 502 N.E.2d 1339.

■ Here the trial court received the affidavits and testimony of several witnesses, including Larry Fox, Jr., and Ray Davis, in support of the motion to correct errors. The two were subjected to cross-examination by the trial prosecutor at the hearing. Larry Fox, Jr., is the fifteen-year-old son of appellant and the victim, Joyce Beyers. He provided an affidavit and testified that on the morning of the day of his mother's death, he heard a loud noise coming from their garage. He ran to the garage and found her holding the back of her head. She then said that while attempting to put the doors on a jeep, she fell and struck the back of her head and needed to sit down a little while. He further stated that he had not been previously told the details of the injuries to the head, other than that appellant had struck her in the head, which he had interpreted to mean about the face.

The witness Ray Davis provided an affidavit and testified that he was a construction worker, had no newspaper delivery to his home in Lawrence County, and had no telephone. He was not acquainted with the family of appellant. He stated that he learned of the death of Joyce Beyers at Hardy Lake from a newspaper dated May 13, 1988, and that he had no knowledge of the import of his observations prior to the trial on April 8, 1988. The jury returned its verdict on April 7, 1988. After studying the paper for several days, he realized that the death had occurred on the Saturday before Easter, March 29, 1986, when he observed a boating mishap while fishing at Hardy Lake in his boat. He then contacted the Fox family. He stated that on that day, about dark, he passed a fifteen- or sixteen-foot boat on the lake occupied by two persons. He saw "a person exit from the back of a boat," while the other person in the boat was in the front. The boat then circled back to the point at which the first person had fallen out. Davis thought they were "playing around or just having fun," so he continued on his way into the dock. He was not able to identify the persons in the boat or their gender.

Upon the basis of the application for rehearing, we turn to reexamine the affida-

vits and testimony upon which the newly discovered evidence ground has been predicated, particularly the Davis evidence, to determine whether it meets the aforementioned standards. The observations related by Davis occurred at the time and place of the drowning as described by the State's witnesses. His description of the boat he observed and the number of its occupants is identical to that provided by photographs of the boat and testimony of others who were near the lake at the same time. His impression that the two in the boat were playing and having fun is the same as that held by other witnesses. His observation that one person was in the front of the boat and that the other person fell out the back of the boat corresponds to the statement given by appellant to the police shortly after the incident in which he said he was operating the boat when, in preparation for landing in the dark, Joyce Beyer went to the back of the boat to get a searchlight which was to be attached to the starter battery with a twenty-foot long electrical cord. Thereafter, he looked back and discovered that she was gone and then circled back to find her. The boat was operated by a steering wheel from the front. The owner of the boat testified that the searchlight was kept in the back of the boat.

Upon reconsideration of the Davis evidence, we find that it not only supports the defense theory of death by accident, but that it alone is the result of direct visual observation of the victim actually falling from the boat. Its probative value is different than that of the other witnesses from the scene who heard sounds from the lake but did not see relevant activities on the lake until the boat was engaged in circling and the light was being employed in illuminating the surrounding water. As such, the Davis evidence at trial would not be simply an added equal. It goes beyond being merely impeaching or cumulative. *Francis v. State* (1989), Ind., 544 N.E.2d 1385. Its relevance and materiality is evident, as is its discovery after trial and availability on retrial. No privilege or lack of competence is involved.

■ The test also requires a party to show that due diligence aimed at discovering the evidence in time for trial was utilized. Due diligence is that diligence required under the circumstances. Here, the incident occurred on a lake open to public fishing in early spring at about dark, when visibility was limited. One witness for the prosecution who was fishing at the time of the drowning testified that he had observed only a single boat on the lake that evening. Moreover, Davis had travelled to the lake from another county and was unaware for two years of the import of his observations. Due diligence would not require a multi-county search for eyewitnesses to this incident. *Id.*

In addition to satisfying the parts of the test as indicated above, the new evidence also has those qualities satisfying the remaining two parts of the test, namely, that it be worthy of credit and such that if presented on retrial, it will probably result in a different verdict. The witness appears to be an independent one, being unacquainted with the family of the alleged victim or appellant and having no personal interest in the outcome of the prosecution. The witness shows no inclination to exaggerate the probative worth of his recollection, willingly admitting having had beer on the occasion and being unable to identify the gender of the two persons in the boat.

■ A sufficient probability of a different result upon retrial is present where the omitted evidence creates a reasonable doubt that did not otherwise exist. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260. The new view reached by the Court in the course of this rehearing is that the new evidence as indicated above corresponds closely with the appellant's initial statement to police that he was operating the boat and preparing to return to the dock when Joyce Beyers went to the rear of the boat to get the search light, that he then heard something and upon looking around saw that she was not in the boat. The new evidence casts serious doubt upon the inference that appellant feloniously assaulted Joyce Beyers either in the boat or in the water, causing her to drown, and gives rise

to a reasonable doubt of guilt. The application for rehearing is granted, the judgment of the Court is reversed, and this cause is remanded for a new trial.

DICKSON and KRAHULIK, JJ., concur.

SHEPARD, C.J., dissents.

GIVAN, J., dissents with separate opinion in which SHEPARD, C.J., joins.

GIVAN, Justice, dissenting.

I respectfully dissent from the granting of the petition for rehearing in this case.

As stated in the original majority opinion, I believe the trial court did not abuse its discretion in denying the Motion to Correct Error. Even if one fills in the deficiencies of the affidavit of Davis, as the majority is wont to do, we still have a situation which does not deviate materially from the evidence presented to the jury. If one assumes that Davis in fact did see appellant's boat in operation and did observe the decedent fall from the back thereof, this does not gainsay the circumstantial evidence that the victim was stunned by a blow to the head delivered by appellant and that so stunned, she fell from the back of the boat being operated at high speed by appellant.

As set forth in the original majority opinion, other witnesses heard the cries of the victim as the boat travelled through the water and observed the boat return to the location where the victim apparently fell. They also observed a search light being shown on the water. I see nothing in the affidavit of Larry D. Fox, Jr. or in the affidavit of Ray Davis that contradicts the evidence which already has been heard by the jury that convicted appellant.

I would deny the petition for rehearing.

SHEPARD, C.J., concurs.