Tony Anthony BELL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–9307–CR–214 [1].

Court of Appeals of Indiana, First District.

Dec. 29, 1993.

---

1. This case was transferred to this office on November 5, 1993, by direction of the Chief

Judge.

Emil J. Becker, Jr., Evansville, for appellant-defendant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Tony Anthony Bell appeals his conviction after a jury trial of dealing in marijuana. Bell raises two issues on appeal, neither of which constitutes reversible error.

## FACTS

The facts in the light most favorable to the verdict indicate that on July 23, 1992, Police Officer Richard Whitlow drove by Bell's house and noticed that Bell had set out several opaque garbage bags near an alley outside of his home. The bags were placed outside of the fenced-in area of Bell's property where they could be reached without stepping onto Bell's property. They appeared to be available for waste disposal pick-up. Since Whitlow had received several tips that Bell was dealing marijuana, Whitlow decided to have the bags picked up.

Two other police officers picked the bags up and gave them to Whitlow. Whitlow searched the bags and discovered drug paraphernalia, a small amount of marijuana, and mail addressed to Bell. This evidence enabled the police to obtain a warrant to search Bell's home, cars, and business.

The police raided Bell's house. Before the police broke Bell's door down with a sledge hammer, Whitlow looked through a window and observed Bell place several plastic bags filled with marijuana in a manila envelope. No other police officer had seen the envelope in Bell's possession and initially, the police could not find the envelope described by Whitlow. It was surmised that Bell had thrown it out the window. Yet, officers searching outside the house failed to find it. Later, Whitlow, searching alone, found the envelope which contained over 80 grams of marijuana. Drug paraphernalia was discovered inside Bell's home including: finger scales, rolling papers, and baggies containing marijuana residue. Whitlow testified that, as Bell spoke with him during the search, Bell admitted that he was selling "dope."

Bell has consistently maintained that he was framed by Whitlow and has suggested that Whitlow planted the incriminating envelope. After trial, Bell filed a motion to correct error alleging newly discovered evidence which included Whitlow's arrest for attempting to take a bribe, attempted theft, and theft. Whitlow had been accused of attempting to extort $100,000.00 from the father of another drug defendant. A search of Whitlow's desk produced an unmarked bag of marijuana.

## DECISION

### I.

Whether the trial court erred in denying Bell's motion to suppress evidence obtained from Bell's garbage?

Bell asserts that the search of his garbage bags violated his rights under the

Fourth Amendment of the United States Constitution and Art. 1 § 11 of the Indiana Constitution. He argues that without the fruit of the illegal search of his garbage, the police would have been unable to obtain the search warrant, and therefore the trial court should have suppressed essentially all the evidence against him.

 The warrantless search or seizure of garbage left for collection outside a home would violate the Fourth Amendment only if the defendant manifested a subjective expectation of privacy in his garbage that society accepts as objectively reasonable. *California v. Greenwood* (1988), 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30. It is common knowledge that plastic garbage bags left on or at the site of a public street are readily accessible to animals, children, scavengers, snoops, and other members of the public. *Id.* Therefore, a defendant has no reasonable expectation of privacy in inculpatory items left in opaque garbage bags set out for pickup by a trash collector. *Id.* The supreme court noted, magnanimously, that individual states are free to construe their own constitutions as imposing more stringent constraints upon police conduct than does the United States Constitution. *Id.*

The State concedes that Indiana courts have not yet addressed whether a defendant has a reasonable expectation of privacy in his garbage under the Indiana Constitution. The State urges us to follow *Greenwood* and notes that our supreme court has paralleled the United States Supreme Court on issues of privacy in the past, citing *In re Order for Indiana Bell Telephone to Disclose Records, Etc.* (1980), 274 Ind. 131, 409 N.E.2d 1089, which relied on *Smith v. Maryland* (1979), 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220. In *Indiana Bell*, our supreme court held, consistent with the United States Supreme Court, that there is no legitimate expectation of privacy regarding numbers dialed on a telephone. *Id.*

We are impressed with the rationale of the *Greenwood* case and will apply it here. In the present case, Bell placed the garbage bags in question outside the fenced-in area of his property where they could be reached from the alley without stepping onto Bell's property. They appeared to be available for waste disposal pick-up. We hold that Bell had no reasonable expectation of privacy in the contents of the garbage bags and we find no error in the trial court's denial of Bell's motion to suppress.[2]

## II.

Whether the trial court erred by denying Bell's motion based on newly discovered evidence?

 Bell asserts that he was framed by Officer Whitlow and notes that almost all of the evidence against him was supplied by Whitlow. For example, he suggests that the manila envelope which contained marijuana was planted by Whitlow and notes that none of the other officers had seen it in Bell's possession and those who looked for it outside Bell's house could not find it. But, Whitlow, who searched later, did "find" it. Bell asserts that his newly discovered evidence of Whitlow's misconduct in the other drug case severely impeaches Whitlow's credibility and that justice demands a new trial.

The trial court held a hearing and denied Bell's motion. However, on its own motion, the trial court reduced Bell's sentence finding that justice required such a modification based upon the evidence introduced at the hearing.

2. We respectfully disagree with our Fifth District's holding in *Moran v. State* (1993), 625 N.E.2d 1231 that Hoosiers have a right to privacy under the Indiana Constitution with respect to their garbage left out for collection. We accept as absolute truth the *Moran* court's observation that Hoosiers are distinguished by their civilized behavior. (Op. at 1238) Nevertheless, we believe that, unfortunately, not all uncivilized behavior has yet been eradicated from our state; and that, even in Indiana, it is common knowledge that garbage left out for collection is readily accessible to animals, children, scavengers, snoops, and other members of the public. Thus, we respectfully disagree that Hoosiers have a personal and legitimate expectation of privacy in the garbage they leave out for collection. *See Perkins v. State* (1985), Ind., 483 N.E.2d 1379 (cited in *Moran,* op. at 1238).

A motion to correct error based upon the grounds of newly discovered evidence must be supported by one or more affidavits which must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; *(4) that it is not merely impeaching;* (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Fox v. State* (1991), Ind., 568 N.E.2d 1006; Ind.Crim.Rule 16; Ind.Trial Rule 59. The denial of a motion based on newly discovered evidence is a discretionary ruling and is afforded deference on appeal. *Id.*

In the present case, the newly discovered evidence involves Officer Whitlow's misconduct in a different drug case. The only possible relevance of this evidence in the present case would be to show that Whitlow is a criminal himself and his testimony is not credible.

Evidence which is merely impeaching is not available as grounds for a new trial under the rules concerning newly discovered evidence. *Walker v. State* (1983), Ind. App., 454 N.E.2d 425, *trans. denied.* Therefore, the trial court abused no discretion in denying Bell's motion.

Judgment affirmed.

HOFFMAN, J., concurs.

NAJAM, J. dissents with separate opinion.

NAJAM, Judge, dissenting.

I respectfully dissent because I believe an individual has a reasonable expectation of privacy in the contents of trash left out for collection and that a warrantless search of closed, opaque garbage containers violates the prohibition against unreasonable search or seizure in Article 1, § 11 of the Indiana Constitution.

The fact that trash in a closed, opaque container put out for disposal is readily accessible to animals and others who may choose to rummage and snoop is insufficient grounds to conclude under constitutional analysis that the owner has abandoned and impliedly consented to a warrantless search of his trash.

Today, in urban areas, the use of private incinerators is often prohibited by ordinance. Most of our citizens have no other practical alternative means to dispose of correspondence, financial documents and other personal information and effects than to deliver them to a municipal or private trash hauler for disposal. The individual's reasonable expectation is that this material will either be destroyed or buried forever under large quantities of dirt and other trash in the privacy of a sanitary landfill. Thus, I cannot agree with the majority's premise that the defendant has no reasonable expectation of privacy in his trash concealed in a closed, opaque container. Many years hence, perhaps an archeologist will search through these leftovers of our civilization and find something interesting, but on that occasion no individual constitutional rights will be implicated.

Because this case involves drug related crime, the conclusion reached by the majority might at first seem harmless enough, but the majority opinion creates an unlimited license for the government to invade the privacy of virtually every household in the state of Indiana. This is equivalent to a new warrantless search exception. The majority's opinion strips away the shield of probable cause and the right of privacy embodied in the constitutional right of our people to be secure in their persons, houses, papers, and effects against unreasonable search and seizure. IND. CONST. art. I, § 11.

The majority approves and adopts the rationale of *Greenwood v. California* (1988), 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30. However, under our system of federalism, we are not always required to follow the United States Supreme Court's interpretation when we construe the Indiana Constitution. Our Constitution provides independent and adequate state grounds for Indiana to chart its own course

and to impose higher standards on searches and seizures, and we should not merely adopt the minimum standards of the Fourth Amendment but should develop our own constitutional jurisprudence on this issue. Thus, I concur with the holding in the recent opinion of our Fifth District in *Moran v. State* (1993), 625 N.E.2d 1231.

In *Callender v. State* (1922), 193 Ind. 91, 138 N.E. 817, our supreme court held that evidence obtained through an unconstitutional search and seizure would be inadmissible in a subsequent prosecution. *Id.* at 819. As has been often noted, the exclusionary rule adopted in *Callender* predated by almost 40 years the United States Supreme Court decision in *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. There is no reason that Indiana cannot once again, on the present issue, invoke its own Constitution.

A warrantless and nonconsensual search is presumed to be unreasonable. *See Murrell v. State* (1981), 421 N.E.2d 638, 640. A judicially issued search warrant is a condition precedent to a valid search and seizure, except under a few, narrowly drawn exceptions where the exigencies of the situation mandate an immediate response. *Richard v. State* (1985), Ind.App., 482 N.E.2d 282, 285. These exceptions include (1) risk of bodily harm or death, (2) to aid a person in need of assistance, (3) to protect private property and (4) actual or imminent destruction or removal of evidence before a search warrant can be obtained. *Sayre v. State* (1984), Ind.App., 471 N.E.2d 708, 714, *trans. denied.* None of the exigent circumstances which would support a lawful warrantless search applies to the facts in this case.

Here, the police should have sought the issuance of a warrant to search Bell's garbage bags. Both the State and the majority opinion acknowledge that Officer Whitlow had received several tips that Bell was dealing in marijuana. With that information, assuming that his sources were reliable, Whitlow could have easily submitted the question of probable cause to a judge for determination. Instead, acting without prior judicial approval, Whitlow caused the garbage bags to be seized by other officers and then used the contraband he found in Bell's garbage to obtain a warrant to search his home, automobiles and business. It is axiomatic that probable cause must be established before the search and not as a result of the search. *Snyder v. State* (1984), Ind.App., 460 N.E.2d 522, 526, *trans. denied.*

The defendant's motion to suppress the evidence seized from the warrantless search of the garbage bags, and under the subsequent search warrant, should have been granted.

Accordingly, on both constitutional grounds and on the facts of this case, I dissent.