Scott HARRIS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–9711–CR–634.

Supreme Court of Indiana.

May 21, 1999.

Timothy J. Miller, Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Scott Harris was convicted of shooting another man to death at a Hardee's restaurant. He now appeals, arguing that "sudden heat" mitigates his culpability and that he is entitled to a new trial because of newly discovered evidence. Finding that sudden heat was not put into issue at trial and that the Defendant has not satisfied the requirements for obtaining relief on grounds of newly discovered evidence, we affirm.

We have jurisdiction over this direct appeal because the single sentence exceeds fifty years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

*Background*

On May 11, 1996, Defendant Scott Harris shot and killed Antonio Morton at a Hardee's restaurant in Indianapolis. Morton had been at the restaurant with his cousin for approximately four to five minutes when Defendant arrived with his younger brother. While Morton and his cousin were at the counter, Morton and Defendant bumped into each other. The two engaged in an argument over who caused the contact. Morton and his cousin sat down to eat their food but Defendant went outside to his car, took off his coat, retrieved a gun, and returned inside. When Morton got up to return his tray, he and Defendant began fighting. During the fight, Defendant pulled the gun from his pocket. Morton tried to hold Defendant's wrist, but Defendant was able to point the

gun at Morton and fire one fatal shot to Morton's chest.

On May 6, 1997, a jury convicted Defendant of Murder.[1] The trial court imposed the presumptive sentence of fifty-five years.

## Discussion

### I

■ Defendant appeals his conviction on the grounds that the State failed to meet its burden of negating beyond a reasonable doubt Defendant's claim that he killed Morton while acting under sudden heat. Voluntary Manslaughter is a lesser included offense of Murder, distinguishable by the factor of the defendant having killed "while acting under sudden heat." Ind. Code § 35–42–1–3 (1993). To obtain a conviction for Murder, the State is under no obligation to negate the presence of sudden heat because "[t]here is no implied element of the absence of sudden heat in the crime of murder." *Palmer v. State*, 425 N.E.2d 640, 644 (Ind.1981). But once a defendant places sudden heat into issue, the State then bears the burden of negating the presence of sudden heat beyond a reasonable doubt. *McBroom v. State*, 530 N.E.2d 725, 728 (Ind.1988).

■ Defendant does not point to any place in the record where the defense of sudden heat was put into issue at trial. In fact, our review of the record indicates that Defendant did not even request a jury instruction for Voluntary Manslaughter. In the absence of any citation to the record demonstrating that this issue was presented in the trial court, it is not available for review. Ind. Appellate Rule 8.3(A)(7); *Turner v. State*, 508 N.E.2d 541, 543 (Ind.1987) ("Any error alleged but not disclosed by the record, or any matter not contained in the record, will not be a proper subject for review.").

### II

■ Defendant also appeals the trial court's denial of his motion for a new trial on the grounds of newly discovered evidence. Defendant contends on appeal that the State withheld information of Morton's prior criminal record. (Appellant's Br. at 11). Our reading of the record indicates that informa-

tion of Morton's prior criminal record was given to Defendant approximately one year before the commencement of his trial. (R. at 38, 466–68). On this basis, the evidence is not newly discovered and Defendant is not entitled to a new trial. *Fox v. State*, 568 N.E.2d 1006, 1007 (Ind.1991) (holding that newly discovered evidence merits relief only when the evidence has been discovered since trial); *see also Wisehart v. State*, 693 N.E.2d 23, 33 (Ind.1998).

We note that the motion for new trial was cast in somewhat different terms. Defendant then contended that he had discovered after the trial that Morton had been released from prison only the day before he was killed. It appears to us that the claim on appeal (newly discovered criminal history) differs from the claim in the trial court (newly discovered information that Morton was released from prison only the day before the incident). This would render the claim of newly discovered criminal history unavailable on appeal. *Willsey v. State*, 698 N.E.2d 784, 793 (Ind.1998) ("A defendant may not raise one ground for objection at trial and argue a different ground on appeal.").

■ Even if we were to consider the claim on appeal to be the newly discovered date of Morton's release from prison, we hold that Defendant is not entitled to relief. Having been aware of Morton's prior criminal history for more than a year before trial, it was well within Defendant's capacity to learn when Morton had been released from prison. Defendant did not use due diligence to discover this information in time for trial, another requirement to sustaining a claim of newly discovered evidence. *Fox*, 568 N.E.2d at 1007 (holding that newly discovered evidence merits relief only when due diligence was used to discover it in time for trial).

## Conclusion

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur

---

1. Ind.Code § 35–42–1–1 (1993).