ATTORNEY FOR APPELLANT
John Pinnow
Greenwood, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

**FILED**
May 08 2009, 12:06 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-0905-PC-218

ALEXA WHEDON,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

Appeal from the Marion Superior Court, No. 49G04-9903-CF-035467
The Honorable Patricia J. Gifford, Judge
The Honorable Steven J. Rubick, Magistrate

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0808-PC-677

**May 8, 2009**

**Per curiam.**

Alexa Whedon was convicted of murder in a bench trial during which several women who were in jail with Whedon testified as to incriminating statements that they said Whedon had made to them. We affirmed Whedon's conviction on direct appeal. Whedon v. State, 765 N.E.2d 1276 (Ind. 2002). Whedon then initiated this proceeding, contending, inter alia, that newly discovered evidence entitled her to post-conviction relief, to wit, that the testimony of two

of the jailhouse witnesses had not been truthful.  The post-conviction court denied relief because the claim did not meet the requirements for newly discovered evidence enunciated in <u>Fox v. State</u>, 568 N.E.2d 1006, 1007 (Ind. 1991), and other cases.  The Court of Appeals affirmed. <u>Whedon v. State</u>, 900 N.E.2d 498, 505 (Ind. Ct. App. 2009).  We grant transfer and summarily affirm the decision of the Court of Appeals.  Ind. Appellate Rule 58(A).

During the post-conviction hearing, Whedon sought to present the testimony of Rob Warden, Executive Director of the Center on Wrongful Convictions at the Northwestern University School of Law, as an expert on "incentivized witness or snitch testimony."  The testimony to which Warden was consulted was the same jailhouse witness testimony referred to in the preceding paragraph.  The post-conviction court held Warden's testimony to be inadmissible and the Court of Appeals affirmed this determination.  Because the claim that the testimony of the two jailhouse witnesses had not been truthful did not constitute "newly discovered evidence," it was not available for collateral review.  Warden's testimony was properly excluded on those grounds and it was therefore not necessary to address the issue of its general admissibility.