**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN E. RIPSTRA**
RIPSTRA LAW OFFICE
Jasper, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Aug 14 2014, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KYLE J. ECKSTEIN,               )
                                )
    Appellant-Defendant,       )
                                )
        vs.             )     No. 19A01-1312-CR-536
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.        )

APPEAL FROM THE DUBOIS CIRCUIT COURT
The Honorable William E. Weikert, Judge
Cause No. 19C01-1207-FB-597

**August 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Following a jury trial, Kyle Eckstein was convicted of burglary and theft. He appeals those convictions, raising the following issues for our review: (1) whether the trial court erred by admitting a number of out-of-court statements at trial; (2) whether the State presented sufficient evidence to support Eckstein's convictions; (3) whether the trial court erred by giving a final jury instruction on accomplice liability; and (4) whether the trial court erroneously denied Eckstein's motion for relief from judgment, which was based on a claim of newly discovered evidence. We conclude the trial court abused its discretion by allowing testimony regarding phone conversations between third parties and law enforcement, but admission of a jail call made by Eckstein was not an abuse of discretion. Further, we conclude there was sufficient evidence to support Eckstein's convictions; the decision to instruct the jury as to accomplice liability was not error; and the trial court's denial of Eckstein's motion for relief from judgment was not an abuse of discretion. Accordingly, we affirm.

## Facts and Procedural History

Shortly before 8 a.m. on March 26, 2012, Myra Schroeder left her home for an emergency dental appointment. She returned home approximately one hour later to find it had been burglarized. Among the items missing from the home were cash, a safe, and a coin collection that belonged to the Schroeders' daughter, Brittany.

At the time, Brittany was living with her boyfriend, Corey Rollins, who is Eckstein's brother.[1] On the morning of the burglary, Brittany woke up sometime before 9 a.m., and Rollins told her that he and Eckstein were leaving the house to fill out job applications. Rollins took Brittany's car, and her key chain included a key to the Schroeder home. They returned approximately thirty minutes later to retrieve Rollins's wallet, but the two left again in Brittany's car immediately after.

The investigation focused on Rollins and Eckstein because certain aspects of the burglary indicated that it was committed by someone who had access to and was familiar with the Schroeder home. Specifically, the house was not ransacked and the coins were taken from a can in Brittany's closet, where few people would have known to look. The police also determined that time lines provided by various witnesses gave Rollins and Eckstein time to commit the crime. Rollins and Eckstein left town immediately after the burglary was committed and left for Wyoming the next day.

On July 17, 2012, the State charged Eckstein with burglary, a Class B felony, and theft, a Class D felony.[2] Eckstein filed a motion to exclude hearsay statements made by his co-defendant, Rollins,[3] and filed a motion in limine concerning other anticipated hearsay evidence.

---

[1] Eckstein's brief refers to Rollins as a step-brother, while the State's brief refers to him as a half-brother.

[2] The State also amended the charges to include an habitual offender enhancement; however, that charge was later dismissed and is not relevant to the issues on appeal.

[3] Eckstein and Rollins were tried separately.

Eckstein's jury trial began on December 12, 2012. At trial, the State presented out-of-court statements made during three phone conversations: (1) a conversation between Aldeon Gorley, an acquaintance of Rollins and Eckstein, and Detective Kleinhelter where Gorley informed him of evidence implicating Eckstein in the burglary; (2) a conversation between Gorley's wife and Detective Kleinhelter where she informed him that she received a threatening phone call from Eckstein; and (3) a jail call made from Eckstein to Gorley in which Eckstein recounts details of the burglary and expresses displeasure toward Gorley for aiding the police.[4] The jury found Eckstein guilty of both burglary and theft. On February 6, 2013, Eckstein was sentenced for burglary to fourteen years imprisonment with two years suspended, and he received a concurrent sentence of three years for his theft conviction.

Eckstein initiated an appeal, but his appeal was dismissed without prejudice and remanded to the trial court for an opportunity to pursue a motion for relief from judgment based on Eckstein's claim of newly discovered evidence. Specifically, Rollins wrote a letter taking sole responsibility for the crimes. The letter was mailed on August 26, 2013. A hearing on that motion was held on October 24, 2013, and the trial court issued an order denying Eckstein's request for a new trial on November 13, 2013. This appeal followed.

Discussion and Decision

I. Hearsay

---

[4] Despite a motion from the State and an order from this court, the appellate record does not contain the evidence of the jail call presented at trial (State's Exhibits 9 and 10). Although the parties disagree as to the significance of the jail call, both the State and Eckstein are substantially in agreement as to the call's substance.

Eckstein contends the trial court erred by allowing the State to present evidence of three telephone conversations. He asserts that the admission of these out-of-court statements, without testimony from the declarants, constituted hearsay and violated his constitutional right to confront and cross-examine witnesses against him.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. Young v. State, 980 N.E.2d 412, 417 (Ind. Ct. App. 2012). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. Id. Hearsay is a statement that "(1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c).[5] Hearsay is inadmissible unless it falls under an exception provided either by law or the rules of evidence. Ind. Evidence Rule 802.

A. Course of Investigation Evidence: Phone Conversations between Detective Kleinhelter and Mr. and Mrs. Gorley

The first two sets of out-of-court statements challenged by Eckstein are similar. Both were phone conversations between a third party and an investigating detective, in which the detective was given information that incriminated Eckstein in this case. Eckstein argues that testimony about these phone conversations was inadmissible hearsay. The State counters that the testimony was admitted only to explain the course of police investigation; therefore, the statements were not admitted for their truth and are not hearsay.

---

[5] The precise language of the hearsay rule has been amended since Eckstein's trial, but the substance of the rule and any relevant exceptions remain the same.

Indeed, "[a]n out-of-court statement introduced to explain why a particular course of action was taken during a criminal investigation is not hearsay because it is not offered to prove the truth of the matter asserted." Goodson v. State, 747 N.E.2d 1181, 1185 (Ind. Ct. App. 2001), trans. denied. Nonetheless, out-of-court statements presented under this rationale are viewed with skepticism. See Kindred v. State, 973 N.E.2d 1245, 1252-55 (Ind. Ct. App. 2012), trans. denied. This is because evidence offered solely for this purpose is often irrelevant and tends to create the possibility of unfair prejudice to the defendant. Id.

According to the State, Detective Kleinhelter testified to phone conversations he had with Mr. and Mrs. Gorley because it explained the course of police investigation—namely, the phone conversations explained the investigation of Eckstein as a suspect and led to the discovery of an incriminating jail call made by Eckstein to Gorley. But at the time Detective Kleinhelter had these telephone conversations, Eckstein was already a suspect; thus, these conversations were not needed to explain why he was under investigation. Further, law enforcement's reasons for monitoring jail calls from Eckstein were not relevant at trial: those reasons were not related to any disputed fact and did not make it more or less probable that the defendant committed the charged crime. Id. at 1252. Moreover, as Eckstein points out, no limiting instruction was given by the trial court, which would serve only to increase the risk of unfair prejudice resulting from the admission of the statements at issue. See Goodson, 747 N.E.2d at 1185. For these reasons, the trial court abused its discretion by allowing testimony regarding out-of-court statements made between Detective Kleinhelter and Mr. and Mrs. Gorley.

Despite our finding error in the trial court's admission of these statements, we conclude that their admission was harmless error. Errors in the admission of evidence are generally disregarded as harmless error unless they affect the substantial rights of a party. Hoglund v. State, 962 N.E.2d 1230, 1238 (Ind. 2012). In determining whether a party's substantial rights have been affected, we consider the evidence's probable impact on the fact finder. Id. Improper admission of evidence is harmless error "if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." Id. As is discussed below, substantial independent evidence of Eckstein's guilt was presented at trial. We do not believe that testimony regarding these phone conversations impacted the jury in such a way as to unduly prejudice Eckstein and require a new trial. Therefore, admission of these out-of-court statements was harmless error.

### B. Jail Call from Eckstein to Gorley

Eckstein also contends the trial court erred by allowing the State to submit evidence of a jail call between Eckstein and Gorley. Specifically, Eckstein asserts that the evidence was inadmissible hearsay; he was denied his confrontation rights; and a proper foundation was not laid for admission of the evidence.[6]

First, the majority of Eckstein's jail call is comprised of statements made by Eckstein. A statement is not hearsay, by rule, if the statement "is offered by an opposing

---

[6] Eckstein also argues the State failed to show compliance with federal and state wiretap laws prior to admission of the jail call. However, as the State points out, Eckstein did not raise this issue at trial, and "a defendant may not argue one ground for objection at trial and then raise new grounds on appeal." Gill v. State, 730 N.E.2d 709, 711 (Ind. 2000).

party and . . . was made by the party in an individual or representative capacity . . . ." Ind. Evidence Rule 801(d)(2)(A). Because the jail call was offered by the State and was a set of statements made by Eckstein, the jail call is not hearsay. Likewise, his confrontation argument is quickly dispatched, because a defendant is not denied his Sixth Amendment right to confrontation when the declarant making the out-of-court statement was the defendant himself. Hughes v. State, 546 N.E.2d 1203, 1207 (Ind. 1989).

Second, Eckstein asserts that a proper foundation was not established to authenticate the call and identify Eckstein as the speaker. The sufficiency of an evidentiary foundation is a matter within the discretion of the trial court. Nasser v. State, 646 N.E.2d 673, 676 (Ind. 1995). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Ind. Evidence Rule 901(a). The State submitted video surveillance evidence from the jail showing Eckstein making a phone call at the approximate time of the jail call at issue. Further, Detective Kleinhelter identified the voices in the jail call recording as belonging to Eckstein and Gorley. See Ind. Evidence Rule 901(b)(5) (stating identification of a person's voice may satisfy the authentication requirement). Based on this evidence, we cannot conclude the trial court abused its discretion by ruling the State laid a proper foundation for admission of the jail call.

## II. Sufficiency of Evidence

Eckstein claims the State did not present sufficient evidence to support his convictions for burglary and theft. When reviewing a defendant's claim of insufficient evidence, the reviewing court will neither reweigh the evidence nor judge the credibility of

the witnesses, and we must respect "the jury's exclusive province to weigh conflicting evidence." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (citation omitted). We consider only the probative evidence and reasonable inferences supporting the verdict. Id. And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

The evidence presented at trial was sufficient to create a reasonable inference of Eckstein's guilt. Testimony was given that Eckstein left the house with Rollins in Brittany's car on the morning of the burglary, and Brittany's key chain included a garage door opener and key to the Schroeder home. Based on timelines given by several witnesses, Rollins and Eckstein had the opportunity to commit the crime. There was evidence suggesting the perpetrator(s) may have entered and exited the home through the garage and a door between the garage and house. The house was not ransacked, and the location of certain items taken—particularly the safe and coin collection—indicated that the crime was committed by someone who was familiar with the house and its contents. And Rollins and Eckstein left the state together immediately after the crime was committed. See Seeley v. State, 547 N.E.2d 1089, 1092 (Ind. 1989) ("A jury may consider evidence of flight of the accused immediately after the commission of a crime as evidence of his consciousness of guilt."). Finally, the jail call made by Eckstein in which he expresses anger toward Gorley for speaking with police and recounts details about the burglary could have been used by the jury to infer Eckstein's guilt. Eckstein argues that his "assertions [in the jail call] are accusatory, not incriminating or confessional."

Appellant's Brief. at 21. This, however, is simply a request to reweigh the evidence. The totality of evidence presented at trial is sufficient to sustain Eckstein's convictions.

### III. Accomplice Liability Instruction

Next, Eckstein contends the trial court erred by giving a final jury instruction on accomplice liability, where the State originally charged Eckstein only as a principal actor. We disagree. There is no requirement that the charging information make reference to the accomplice liability statute in order for a defendant to be convicted as an accomplice. Wise v. State, 719 N.E.2d 1192, 1198-99 (Ind. 1999). "A defendant may be charged as the principal but convicted as an accomplice." Castillo v. State, 974 N.E.2d 458, 466 (Ind. 2012). Thus, it was not error for the State to "change its theory" from the original charging information that charged Eckstein as a principle. Appellant's Br. at 7.

Eckstein also claims there was not sufficient evidence presented at trial to warrant a jury instruction on accomplice liability. Instruction of the jury is within the discretion of the trial court. Burton v. State, 978 N.E.2d 520, 524 (Ind. Ct. App. 2012). As explained above, there was sufficient evidence to show Eckstein was with Rollins on the morning of the crime and to support Eckstein's convictions. The trial court's decision to give an instruction on accomplice liability was not an abuse of discretion.

### IV. Motion for New Trial

Last, Eckstein argues the trial court erred by denying his motion for relief from judgment, which was based upon a claim of newly discovered evidence. The decision to grant or deny a motion for relief from judgment is within the discretion of the trial court. State v. Willits, 773 N.E.2d 808, 811 (Ind. 2002). Newly discovered evidence is a proper

10

grounds for requesting relief from judgment, Ind. Trial Rule 60(B)(2), and a court will order a new trial based on newly discovered evidence if a defendant shows:

> (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.

Fox v. State, 568 N.E.2d 1006, 1007 (Ind. 1991).  When determining whether the newly discovered evidence would produce a different result, the trial court may consider the weight that a reasonable trier of fact would give it.  Id.  On appeal, denial of a motion for new trial based on newly discovered evidence is reviewed deferentially.  Id.

The newly discovered evidence in this case is a letter from Rollins written after Eckstein's trial in which Rollins takes full blame for the crime and states that Eckstein was not involved.  At the hearing on Eckstein's motion, Rollins testified that Eckstein was with him the morning he committed the burglary but Rollins had dropped Eckstein off at department store before driving to the Schroeder home and burglarizing it.  Also at the hearing, the State introduced a statement from Gorley in which he stated Rollins told Gorley that he and Eckstein broke into the Schroeder home together.

The trial court denied Eckstein's motion primarily on the basis that it found Rollins lacked credibility and that his testimony would not likely produce a different result if a new trial were conducted.  The trial court's credibility determination was based upon Rollins's criminal history and a number of improbabilities and inconsistencies in his story.  The trial court further found that Rollins's incredible testimony would not overcome the evidence

presented against Eckstein.  After reviewing the trial court's order, we cannot say it constituted an abuse of discretion.

## Conclusion

We conclude the trial court abused its discretion by allowing testimony regarding phone conversations between Detective Kleinhelter and Mr. and Mrs. Gorley, but this error was harmless.  Admission of a jail call made by Eckstein to Gorley was not an abuse of discretion.  Further, we conclude there was sufficient evidence to support Eckstein's convictions; the decision to instruct the jury as to accomplice liability was proper; and the trial court's denial of Eckstein's motion for relief from judgment was not an abuse of discretion.

Affirmed.

RILEY, J., and BRADFORD, J., concur.