

FILED

Oct 31 2018, 11:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew R. Falk
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Devon R. Granger,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 31, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1494<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Stephenie LeMay-Luken, Judge<br><br>Trial Court Cause No.<br>32D05-1710-CM-1432 |

**Najam, Judge.**

## Statement of the Case

[1]     Devon Granger appeals his conviction for possession of paraphernalia, as a

Class C misdemeanor, following a bench trial. Granger presents a single issue

for our review, namely, whether the State presented sufficient evidence to support his conviction based upon his possession of a grinder. We reverse.

## Facts and Procedural History

On October 18, 2017, Avon Police Department Officer Jacob Elder saw Granger driving well over the speed limit and initiated a traffic stop. After Officer Elder asked Granger for his license and registration, Officer Elder saw a grinder in the door handle area of the driver's side door. Officer Elder recognized the grinder as something that is used to grind marijuana into finer pieces for "easier" consumption. Tr. at 48. Accordingly, Officer Elder asked Granger to exit the vehicle, read him his *Miranda* rights, and asked him whether there was "anything else illegal in the vehicle." *Id.* at 46. Granger responded in the negative, and Officer Elder searched the vehicle but did not find anything else of interest. Officer Elder found a substance that he believed to be marijuana inside the grinder. Accordingly, Officer Elder arrested Granger.

The State charged Granger with possession of paraphernalia, as a Class C misdemeanor. Following a bench trial, the trial court found him guilty as charged and entered judgment. The court sentenced Granger to time served. This appeal ensued.

## Discussion and Decision

Granger contends that the State presented insufficient evidence to support his conviction. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither

reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

[5] To prove possession of paraphernalia, as a Class C misdemeanor, the State was required to show that Granger knowingly or intentionally possessed an instrument, device, or other object that he intended to use for "introducing into [his] body a controlled substance." Ind. Code § 35-48-4-8.3(b)(1) (2018). Granger asserts that the State did not present any evidence that the grinder could be used to introduce marijuana into his body. We must agree.

[6] Our goal in statutory interpretation is to determine the legislature's intent, which, if the statute is unambiguous, we do by following the plain and ordinary meaning of the statute. *E.g.*, *Jones v. State*, 87 N.E.3d 450, 454 (Ind. 2017). Here, Granger's conviction depends on the meaning of "introducing" as used in the statute, and to "introduce" is defined in relevant part as "to put or insert into." Webster's Third New Int'l Dictionary 1186 (2002). Thus, an instrument or device that is used to put or insert a controlled substance into the body is paraphernalia under the statute.

[7] Officer Elder testified that the grinder was "a device to grind [marijuana] down more finely so [that the person] can consume it easier." Tr. at 48. And he agreed that the grinder was used "*in preparation of using marijuana.*" *Id.* (emphasis added). But there is a material distinction between possession of an instrument or device that can only be used to prepare a controlled substance for

consumption and possession of an instrument or device that can be used to *introduce* a controlled substance into the body. Here, the evidence shows only that the grinder could be used to prepare marijuana for ingestion by another means, such as by a joint, a pipe, or a bong.

[8] We hold that the term "paraphernalia" as used in Indiana Code Section 35-48-4-8.3(b)(1) does not apply to an instrument or device that merely prepares a substance for introduction into the body by another means. Because the State did not present evidence that the grinder could itself be "use[d] for[] introducing" marijuana into Granger's body, the evidence is insufficient to support his conviction.[1]

[9] Still, the State asserts in the alternative that, "should this Court find that a grinder could not physically be used for introducing controlled substances into the body," Granger's conviction should be affirmed because "[t]he variance between the charging information and the proof presented at trial was not fatal" to the case against Granger. Appellee's Br. at 12-13. In particular, the State maintains that the evidence shows that Granger's possession of paraphernalia also falls under Indiana Code Section 35-48-4-8.3(b)(3), which prohibits possession of an instrument, device, or other object that the person intends to

---

[1] While a grinder does not constitute "paraphernalia" under the statute because it cannot be used to introduce marijuana into a person's body, it might be considered paraphernalia as that term is commonly used to describe evidence of the "manufacture" of marijuana under Indiana Code Section 35-48-1-18, just as with scales, baggies, and the like. *See, e.g.*, *Bell v. State*, 626 N.E.2d 570, 571 (Ind. Ct. App. 1993), *trans. denied*.

use for enhancing the effects of a controlled substance. And the State contends that Granger was "in no way misled by any arguable error in the charging information"; he "was on proper notice of his alleged crime"; and his "defenses would not have been impacted in any way regardless of what subsection of the statute" Granger was charged under. Appellee's Br. at 14.

[10] The State is incorrect. The State's purported "variance" argument is really an argument that a different offense occurred, namely, an uncharged offense under subsection (b)(3) rather than the charged offense under subsection (b)(1). Our Supreme Court has made clear that the State may not make such arguments. *Young v. State*, 30 N.E.3d at 719, 726 (Ind. 2015) (holding that a fair trial was impossible where the State had charged the defendant with attempted aggravated battery by shooting but pursued a theory of attempted aggravated battery by beating during trial). Here, the State did not charge Granger with possession of the grinder with the intent to use it to enhance the effects of marijuana. Indeed, the State presented no evidence to show that the grinder could enhance the effects of marijuana, and Granger had no notice to prepare a defense against such an allegation. We reject the State's contention on this issue.

## Conclusion

[11] The State introduced no evidence that the grinder could be used to introduce marijuana into Granger's body. And we reject the State's argument in the alternative that we should affirm Granger's conviction because the variance between the charging information and the proof presented at trial was not fatal.

Accordingly, we reverse Granger's conviction for possession of paraphernalia, as a Class C misdemeanor.

[12] Reversed.

Crone, J., and Pyle, J., concur.