In re ORDER FOR INDIANA BELL
TELEPHONE TO DISCLOSE
RECORDS.

INDIANA BELL TELEPHONE COMPANY, INCORPORATED, Appellant,

v.

STATE of Indiana, Appellee.

No. 980S368.

Supreme Court of Indiana.

Sept. 9, 1980.

Bruce N. Cracraft, Harold L. Folley, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This appeal is transferred to this Court from the Court of Appeals under AP 4(A)(10), which provides for a showing under oath that the appeal involves a substantial question of law of great public importance, and that an emergency exists for a speedy determination.

On August 16, 1979, two individuals escaped from the Monroe County Jail. The police received information that these persons were making long distance collect telephone calls to their parents, who reside in Monroe County, Indiana. The sheriff and prosecutor of Monroe County filed motions to produce in Monroe Superior Court. These motions were directed to Indiana Bell Telephone Company, Incorporated (hereinafter referred to as "Indiana Bell"). The court ordered Indiana Bell to reveal to the prosecutor the long distance telephone records of two specific customers who were the parents of the two escapees.

The court stayed the order to produce on September 12, 1979, and set the cause for hearing. On September 21, the court granted the motion to produce filed by the State and issued a subpoena *duces tecum*. Upon motion of Indiana Bell, the court ordered that all further proceedings be *in camera*. Pursuant to AP 4(B)(5), the judge certified the court's judgment of September 21, 1979, to the Court of Appeals. This Court accepts transfer under the provisions of AP 4(A)(10), as above stated.

Indiana Bell argues that extra–judicial intrusion by law enforcement authorities in the records of telephone communications impermissibly infringes upon the freedoms of speech and association guaranteed under the State and Federal Constitutions. We do not agree. The Second Circuit Court of Appeals has stated: "[t]elephone subscribers are fully aware that records will be made of their toll calls." *U. S. v. Covello* (2d Cir. 1969) 410 F.2d 536, 542. There is "no legitimate expectation of privacy regarding numbers dialed on a telephone." *Smith v. Maryland* (1979) 442 U.S. 735, 742, 99 S.Ct. 2577, 2581, 61 L.Ed.2d 220, 228. Further, the United States Supreme Court has consistently held "that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland, supra; U. S. v. Miller* (1976) 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71. The expectation of privacy protected by the Fourth Amendment attaches to the content of the telephone conversation and not to the fact that a conversation took place. *U. S. v. Baxter* (9th Cir. 1973) 492 F.2d 150; *U. S. v. Fithian* (9th Cir. 1971) 452 F.2d 505.

We agree with the Court of Appeals for the District of Columbia in its statement:

"[t]he general rule that a person has no Fourth Amendment basis for challenging subpoenas directed at the business records of third parties has been directly applied to toll billing records maintained by telephone companies. A telephone subscriber is fully aware when he places a long distance call that the telephone company will make a record of the call, that

the record is the company's property, and that the Government has ready access to the record for law enforcement purposes. On this basis the courts have uniformly held that subscribers have no Fourth Amendment basis for challenging Government inspection of their toll records, since subscribers, like bank depositors, have taken the risk in revealing their affairs to third parties that the information will be conveyed by that person to law enforcement officials, either voluntarily or in response to compulsory process."

*Reporter's Comm. v. American Tel. & Tel.* (D.C.Cir.1978) 593 F.2d 1030, 1045.

The District of Columbia Circuit Court went on to state that "the First Amendment offers no procedural or substantive protections against good faith criminal investigative activity beyond that afforded by the Fourth and Fifth Amendments . . ." *Reporter's Comm. v. American Tel. & Tel.*, *supra*, 593 F.2d at 1055, citing *Zurcher v. Stanford Daily* (1978) 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525. We hold that Indiana Bell's compliance with the subpoena *duces tecum* in the instant case would not constitute an impermissible infringement on the First Amendment rights of either the customers of Indiana Bell, who received the long distance collect calls, or of the rights of the persons making the collect calls.

Indiana Bell next argues that a court order to produce or a subpoena *duces tecum* issued by a court upon motion of a county prosecutor, in the absence of pending judicial proceedings, is ineffective since the court would be without jurisdiction of a "cause" and since subpoenas may only issue to parties or witnesses. The issue is whether a court has the power to issue a subpoena *duces tecum* to a non -party, non witness, upon request of a prosecutor engaged in the investigation of a crime. A related question was encountered in *State ex rel. Pollard v. Cri. Ct. of Marion Cty.* (1975) 263 Ind. 236, 329 N.E.2d 573. In *Pollard* this Court considered the jurisdiction of a trial court to enter an order enforcing a grand jury subpoena *duces tecum*. The Court held that "IC 1971, 35–1–15–19, Ind.Ann.

Stat. Sec. 9–822 (Burns Repl.1956) permits the grand jury, *or the prosecutor* if the grand jury is in vacation, to issue subpoenas *duces tecum* to prospective witnesses before the grand jury." *State ex rel. Pollard v. Cri. Ct. of Marion Cty., supra*, 263 Ind. at 251, 329 N.E.2d at 584 (our emphasis). The portion of the statute which allows a prosecutor to subpoena witnesses when the grand jury is not in session indicates a willingness on the part of the legislature to permit such proceedings by the prosecutor alone. However, the ruling in *Pollard* only provides a means to subpoena witnesses to produce documents to, or testify before, a grand jury.

■ To decide the question as to whether a prosecutor acting without a grand jury can subpoena a witness to reveal information concerning the activities of a suspected felon, we must turn to other statutory guidelines. In 1973, prosecuting attorneys were given the power to initiate criminal prosecutions by filing an information. IC Sec. 35 3.1 1 1 [Burns Supp.1978]. It should be noted this same general power was given under prior law but the instrument was called an affidavit filed by the prosecutor, rather than an information. Under the statute the prosecutor has the authority to charge an individual with the commission of a crime without first submitting the evidence to a grand jury. Along with this power to charge a person with the commission of a crime, we hold that the investigatory powers of the prosecutor now parallel those of the grand jury. A prosecutor has the same ability to accumulate evidence as the grand jury.

■ This proposition is further supported by IC Sec. 33 14 1 3 [Burns 1976]:

"[w]henever any prosecuting . . . attorney shall receive information of the commission of any felony or . . . any misdemeanor he shall cause process to issue from a court having jurisdiction to issue the same, . . . to the proper officer, directing him to subpoena the person therein named likely to be acquainted with the commission of such felony or misdemeanor, and shall examine

any person so subpoenaed before such court touching such offense, and if the facts thus elicited are sufficient to establish a reasonable presumption of guilt against the party charged, said court shall cause so much of said testimony as amounts to a charge of a felony or misdemeanor to be reduced to writing and subscribed [by] and sworn to by such witness . . . ."

Under this statute a prosecutor is not limited to issuing a grand jury subpoena to acquire evidence in a criminal case, but can, through an appropriate court, subpoena witnesses. Although in the instant case the information from Indiana Bell would not bear essentially upon the guilt or innocence of the escapees, the information sought is a prerequisite to discovering the whereabouts of the escapees and is therefore necessary for the prosecutor to carry out his duty to prosecute felons.

Appellant further contends that the Monroe Superior Court is without authority to issue a subpoena *duces tecum* to it. Indiana Bell focuses primarily upon the Indiana Rules of Trial Procedure which relate to civil causes of action. TR 45(A) reads in part as follows:

> "[e]very subpoena shall be issued by the clerk . . . shall state the name of the court *and the title of the action* (without naming more than the first named plaintiffs and defendants in the complaint and the cause number), shall command each person to whom it is directed to attend and give testimony at a time and place therein specified . . . ."

A reading of this rule alone does lead one to believe that a subpoena serves only as an instrument to secure the attendance and testimony of a witness in pending litigation. The subpoena in the case at bar, however, was directly related to a criminal investigation. It was issued at the request of a county prosecutor. Therefore the Indiana Rules of Criminal Procedure are applicable. Ind.R.Crim.Pro. 2 defines subpoena *duces tecum* and provides that "a subpoena may command the person to whom it is directed to produce the books, papers, documents or tangible things designated therein . . ." Under the criminal rule there is no require-

ment of a pending cause of action before a court can issue a subpoena *duces tecum*.

Under IC Sec. 33 5 36.1 4 [Burns 1976], the Monroe Superior Court is granted "original . . . jurisdiction with the circuit court . . . in all . . . criminal cases and proceedings." IC Sec. 33 4 2 1 [Burns 1976], confers to circuit courts the "power to issue and direct all processes, . . . to corporations and individuals which shall be necessary to the regular execution of the law." We hold that the Monroe Superior Court has the authority to issue subpoenas *duces tecum* at the request of the prosecutor, directing Indiana Bell, a third party, to reveal to the prosecutor long distance telephone records where the information is needed by the prosecutor to carry out his duty to prosecute felons. The information sought in this case is not protected by the First Amendment. Where, as in the case at bar, the prosecutor has reason to believe that the information is in possession of Indiana Bell, the superior court has the power to issue such a subpoena before there is an underlying cause of action.

The order of the trial court requiring Indiana Bell to turn over to the prosecutor the long distance telephone call records of two customers is hereby affirmed.

All Justices concur.