479 N.E.2d 1344 (1985)
In re the Matter of Steve THOMPSON.
Citizens State Bank of Fairmount, Appellant (Petitioner below),
v.
State of Indiana, Appellee (Respondent below).
No. 2-385A86[1].
Court of Appeals of Indiana, First District.
July 3, 1985.
Rehearing Denied August 2, 1985.
*1345 David M. Payne, Marion, for appellant.
Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.
ROBERTSON, Judge.
Petitioner-appellant Citizens State Bank of Fairmount (Bank) appeals from the decision of the Grant Circuit Court denying the Bank's Motion to Quash Subpoena Duces Tecum.
We affirm.
On January 30, 1985, the Grant County Prosecutor obtained a subpoena duces tecum from the Grant Circuit Court directing the Bank to produce copies of all accounts, business and personal checking accounts and savings accounts of Steve Thompson for the month of December, 1984. The Bank moved to quash the subpoena duces tecum on the grounds that the subpoena was unreasonably broad and constituted a violation of the Fourth Amendment prohibition against unreasonable searches and seizures. The sole issue raised by this appeal is whether the trial court erred in denying the Bank's Motion to Quash Subpoena Duces Tecum.
The decision to enforce, modify or quash a subpoena duces tecum is a question for the trial court. Turpin v. State, (1982) Ind., 435 N.E.2d 1, 4. Therefore, the *1346 decision of the Grant Circuit Court will not be disturbed unless it was clearly arbitrary. The Bank contends that the denial of its motion was arbitrary, because the subpoena duces tecum was impermissible under the Fourth Amendment.[2] That contention fails on two counts. First, the instant case presents no question of actual search and seizure. No officer or other person has sought to enter the Bank's premises against its will to search it or to seize and examine its books, records or papers without its consent, otherwise than pursuant to court order. See Oklahoma Press Publishing Co. v. Walling, (1946) 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614. As the Indiana Supreme Court noted, the prohibitions of the Fourth Amendment are inapplicable to subpoenas duces tecum "for the reason that subpoenas are incapable of accomplishing the constitutionally proscribed conduct." State ex rel. Pollard v. Criminal Court of Marion County, (1975) 263 Ind. 236, 252, 329 N.E.2d 573, 585.
Moreover, the Bank had no legitimate expectation of privacy in the records which were the subject of the subpoena duces tecum. No legitimate expectation of privacy attaches to the contents of checks and deposit slips. U.S. v. Miller, (1976) 425 U.S. 435, 442, 96 S.Ct. 1619, 1623, 48 L.Ed.2d 71. Financial statements and deposit slips contain only information voluntarily conveyed to banks and exposed to their employees in the ordinary course of business. Id. Therefore, the subpoena duces tecum directing the Bank to produce copies of all accounts of Steve Thompson did not violate the Fourth Amendment prohibition against unreasonable searches and seizures.
The Bank stresses that there was no showing of probable cause that a crime was committed to support the issuance of the subpoena duces tecum. The Fourth Amendment requirement of probable cause is applicable to subpoenas duces tecum only to the extent that the prosecutor in issuing the subpoena duces tecum may not act arbitrarily or in excess of his statutory authority. State ex rel. Pollard, supra, 263 Ind. at 253, 329 N.E.2d at 586. The Bank contends that the Grant County Prosecutor exercised "raw power", but the record does not confirm that the prosecutor's exercise of power was excessive. The investigatory powers of the prosecutor parallel those of the grand jury. In re Order for Indiana Bell Telephone, etc. v. State, (1980) 274 Ind. 131, 409 N.E.2d 1089, 1091. In the instant case, the prosecutor indicated that his inquiry would be limited to a very few specific checks or deposits. Based upon that representation, the trial court reasonably could conclude that the prosecutor was not indulging in a fishing expedition, but was engaged in his statutorily defined duty to amass evidence and to prosecute felons. See id.; IND. CODE § 33-14-1-3 (1982).
The final argument presented by the Bank concerns the reasonableness of the subpoena duces tecum. The greatest protection afforded a person subject to a subpoena duces tecum is the requirement of reasonableness. State ex rel. Pollard, supra. The standard of reasonableness guards against too much indefiniteness or breadth in the description of the materials to be produced. Oklahoma Press Publishing Co., supra, 327 U.S. at 208, 66 S.Ct. at 505. In the instant case, the subpoena duces tecum sought the production of copies of all of Steve Thompson's accounts. However, the subpoena was not overly broad; the Bank was ordered to produce copies of those accounts only for the month of December. Thus, the subpoena duces tecum met the requirement of reasonableness.
For the foregoing reasons, we conclude that the decision of the trial court to enforce *1347 the subpoena duces tecum was not clearly arbitrary.
Judgment affirmed.
RATLIFF, P.J., and NEAL, J., concur.
NOTES
[1] Diverted from the Second District by direction of the Chief Judge.
[2] The question whether the Bank had standing to challenge the validity of the subpoena duces tecum under the Fourth Amendment was not raised. Because the parties to this appeal assumed that the Bank had standing, we decline to address any standing issue that might exist.