**In re Subpoenas Issued Relative to Vanderburgh County Treasurer's Office Investigation.**

**The EVANSVILLE COURIER, Appellant (Movant Below),**

v.

**PROSECUTOR, VANDERBURGH COUNTY, Appellee (Respondent Below).**

No. 82A01–8604–CV–89.

Court of Appeals of Indiana, First District.

Nov. 6, 1986.

Rehearing Denied Dec. 16, 1986.

ing; ..."

The stipulated facts show that the Courier is a newspaper of general circulation in the Evansville, Indiana, area and that the respondent-appellee Robert Pigman is the duly elected prosecuting attorney for Vanderburgh County, Indiana. In January, 1986, Pigman, in the course of an ongoing criminal investigation, and pursuant to IND.CODE 33-14-1-3 [1], caused the Clerk of the Vanderburgh Circuit Court to issue certain subpoenas. Courier reporters requested access to the subpoenas during the Clerk's regular business hours for the purpose of inspecting and copying the subpoenas, however, Pigman denied the request. The Courier filed a motion for access to public documents pursuant to IND.CODE 5-14-3-1 *et seq.*, the Indiana Access to Public Documents Act. The trial court denied the motion by finding that the subpoenas were an investigatory record as defined by I.C. 5-14-3-2 and, as a result, exempt to public access. This appeal follows.

Because we reverse we shall only discuss the following issue:

Is a subpoena which is issued by the circuit court clerk upon the request of the prosecutor a public record subject to the disclosure requirements of Indiana's Access to Public Records statute?

Generally speaking, the Access to Public Documents Act causes all records and documents to be public, except for certain specified exceptions. The exception under consideration in this appeal is investigatory records of law enforcement agencies. I.C. 5-14-3-4(b)(1). Investigatory records, as defined by I.C. 5-14-3-2, is "information compiled in the course of the investigation of a crime".

The State's argument relies almost exclusively upon the case of *In re Order for*

Patrick A. Shoulders, Jeffrey A. Wilhite, Kahn, Dees, Donovan & Kahn, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., David Michael Wallman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

The movant-appellant Evansville Courier appeals from a trial court decision denying access to public documents.

1. 33-14-1-3 Duties on receiving information of felony or misdemeanor.

Sec. 3. Whenever any prosecuting or district attorney shall receive information of the commission of any felony or such district attorney of the commission of any misdemeanor he shall cause process to issue from a court having jurisdiction to issue the same, (except the circuit court,) to the proper officer, directing him to subpoena the persons therein named likely to be acquainted with the commission of such felony or misdemeanor, and shall examine any person so subpoenaed before such court touching such offense ...

*Indiana Bell Tel., Etc.,* (1980) Ind., 409 N.E.2d 1089, which held, among other things, that a prosecutor has the same ability to accumulate evidence as a grand jury. Secrecy of grand jury proceedings is statutorily sanctioned by I.C. 35–34–2–1 *et seq.* The State's position is that secrecy is also permissible under the current set of facts on appeal. We would observe, however, the Public Records Access Act has undergone substantial revision and expansion since the *Bell* opinion and that the pertinent holding was not made within a context of public access to records but was addressed to the propriety of the issuance of subpoenas. In our view the applicability of *Bell, supra,* to this appeal is not as strong as the State would have us believe.

Additionally, I.C. 5–14–3–1 is specific insofar as the manner in which it is to be construed:

Sec. 1. A fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. *This chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.* (Our Emphasis.)

■ Under the facts presented, coupled with a reading of the record, we are of the opinion that there was a failure upon the State's part to discharge the burden of proof for nondisclosure. The stipulation of facts is devoid of reasons directed at nondisclosure. In the argument to the trial court any reason for nondisclosure based upon flight or danger was determined to be not applicable to this case, nor does there appear to be any imminent loss, destruction, or disappearance of evidence. Additionally, four of the six persons affected by the subpoenas are aware, or suspect, that they are a part of the investigation. The argument made by the State to the trial court also contained several policy arguments relating to the desirability of maintaining secrecy of the subpoenas. However, we must recognize the elementary proposition that the arguments of counsel do not constitute evidence. *See: Bixler v. State,* (1984) Ind., 471 N.E.2d 1093, *Graves v. State,* (1986) Ind., 496 N.E.2d 383 (comments of counsel are not evidence).

■ Ordinarily, a subpoena is not the type of public record which would automatically fall into the category of "information compiled in the course of the investigation of a crime." For a subpoena to become an exception to the act, and an investigatory record of a law enforcement agency in particular, the State's burden of proof of nondisclosure must be discharged by appropriate evidence.

Judgment reversed.

NEAL and HOFFMAN (sitting by designation), JJ., concur.