ATTORNEY FOR APPELLANT
Cara Schaefer Wieneke
Plainfield, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 27 2013, 1:51 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 73S01-1209-CR-563

IN RE: PROSECUTOR'S SUBPOENA
REGARDING S.H. AND S.C.,

S.H.,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Shelby Superior Court, No. 73D02-1105-MC-63
The Honorable David N. Riggins, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 73A01-1109-CR-468

**March 27, 2013**

**Massa, Justice.**

When a prosecutor has neither filed a charge nor initiated a grand jury proceeding, may she nevertheless petition a court to compel a party to testify under a grant of use immunity, when

that party is the primary target of the investigation and has asserted the constitutional privilege against self-incrimination? We think not.

## Facts and Procedural History

On September 27, 2010, S.C. gave birth to an infant alone in the Shelbyville apartment she shared with her boyfriend, S.H. Shortly thereafter, S.H. returned to the apartment, found S.C. and the infant, and took them to a nearby hospital. Medical staff noticed seven puncture wounds on the infant's back and notified authorities.

During the ensuing investigation, police heard conflicting accounts of the circumstances of the infant's birth and the cause of the injuries. The Indiana Department of Child Services initiated a Child in Need of Services investigation, and the infant was ultimately removed from her parents' care.

On May 13, 2011, the Shelby County prosecutor petitioned the trial court for subpoenas to compel S.H. and S.C. to appear on May 17 and "give testimony relating to an incident involving the home birth of [the infant]." App. at 41. The court granted the petition and issued both subpoenas that same day.

The day before the parents were set to testify, their attorney moved to quash the subpoenas pursuant to their state and federal constitutional rights against self-incrimination. In a hearing held that day, the court granted the motion to quash. Immediately thereafter, the prosecutor petitioned the court for a grant of use immunity pursuant to Indiana Code § 35-34-2-8(a). After hearing argument from counsel, the trial court granted the petition for use immunity. Aware their attorney had raised concerns about the parents' competency and was unable to continue to represent them, the court appointed counsel for them.

On June 15, new attorneys for both parents filed motions to correct error, arguing that the trial court's decision to grant the petition for use immunity was based on "incorrect views of the current state of jurisprudence." App. at 17, 28. After a hearing on August 4, the trial court denied parents' motion to correct error, reasoning the authority to compel testimony through use immunity was "implicit in the office of the prosecutor itself." App. at 45.

Parents appealed, and the Court of Appeals affirmed on other grounds. In re S.H., 969 N.E.2d 1048, 1053 (Ind. Ct. App. 2012). Citing In re Order for Indiana Bell Telephone to Disclose Records, 274 Ind. 131, 409 N.E.2d 1089 (1980), in which we said "we hold that the investigatory powers of the prosecutor now parallel those of the grand jury," id. at 135, 409 N.E.2d at 1091, it concluded

> the legislature's explicit reference to grand jury proceedings in Ind. Code § 35-34-2-8 cannot be read to restrict the right of a prosecutor to seek use immunity when prosecution is initiated by means of an information rather than an indictment. Nor could the legislature have intended that prosecutors have fewer investigative tools before deciding to bring charges than they do after charges are brought.

In re S.H., 969 N.E.2d at 1053.

We granted parents' petition to transfer, 975 N.E.2d 360 (Ind. 2012) (table), thereby vacating the opinion below. Ind. Appellate Rule 58(A).

**Standard of Review**

In general, we review a ruling on a motion to correct error for abuse of discretion, Paragon Family Restaurant v. Bartolini, 799 N.E.2d 1048, 1055 (Ind. 2003), keeping in mind that the trial court is best able to resolve disputed facts. Sanchez v. State, 675 N.E.2d 306, 310 (Ind. 1996). Where, however, as here, the ruling turns on a question of law, we review the trial

court's legal conclusions de novo. <u>City of Indianapolis v. Hicks</u>, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010).

**The Prosecutor Had No Statutory Authority to Request the Grant of Use Immunity**

The founders of our nation, in their wisdom, ensured "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. The framers of our Indiana Constitution, more than sixty years later, made the same fundamental guarantee: "No person, in any criminal prosecution, shall be compelled to testify against himself." Ind. Const. art. 1, § 14. The privilege so protected is not absolute, however; it "must be balanced against the government's legitimate demands to compel citizens to testify so that, in order to effect justice, the truth surrounding the criminal incident may be discovered." <u>In re Caito</u>, 459 N.E.2d 1179, 1182 (Ind. 1984); <u>see also</u> <u>Lefkowitz v. Turley</u>, 414 U.S. 70, 81 (1973) (noting the need for "rational accommodation between the imperatives of the privilege and the legitimate demands of government to compel citizens to testify." (internal quotations omitted)). Our General Assembly has empowered prosecutors to compel witnesses to testify, tipping the scales in the government's favor. <u>See generally</u> Ind. Code §§ 35-37-3-1 et seq. (2008); 35-34-2-1 et seq. (2008). To bring them back into balance, such compulsion must be accompanied by a grant of witness immunity "coextensive with the scope of the privilege." <u>In re Caito</u>, 459 N.E.2d at 1182. Critically, the immunity must place the witness "in substantially the same position as if he had properly exercised his privilege to remain silent." <u>Id.</u>

**A. Neither Indiana Code Chapter 35-34-2 Nor 35-37-3 Apply Here**

Our Indiana Constitution established the office of Prosecuting Attorney, but our General Assembly prescribed its powers and granted its authority. Ind. Const. art. 7, § 16; <u>Mounts v. State</u>, 496 N.E.2d 37, 39 (Ind. 1986). "Where the Legislature has enumerated the powers incident to any given office and the Constitution is silent as to the duties of that office, the Legislature's enactment is final, and supersedes any residual authority that office may have had

4

at common law." <u>Mounts</u>, 496 N.E.2d at 39. Indiana prosecutors, therefore, are free to exercise any power expressly granted to them by statute, but they may do no more. <u>Id.</u>

Two statutes empower prosecutors to compel testimony through a grant of use immunity. The first was the stated basis for the prosecutor's petition here. It is located in a chapter entitled "Grand Jury and Special Grand Jury," and it provides:

> Upon request by the prosecuting attorney, the court shall grant use immunity to *a witness before the grand jury*. The court shall instruct the witness by written order or in open court that any evidence the witness gives *before the grand jury*, or evidence derived from that evidence, may not be used in any criminal prosecution against that witness, unless the evidence is volunteered by the witness or is not responsive to a question by the grand jury or the prosecutor. The court shall then instruct the witness that he must answer the questions asked and produce the items requested.

Ind. Code § 35-34-2-8(a) (2008)[1] (both emphases added). The second provides:

> If a witness, *in any hearing or trial occurring after an indictment or information has been filed*, refuses to answer any question or produce any item, the court shall remove the jury, if one is present, and immediately conduct a hearing on the witness's refusal. After such a hearing, the court shall decide whether the witness is required to answer the question or produce the item.

Ind. Code § 35-37-3-1(a) (2008) (emphasis added). And continues:

> If the court determines that the witness, based upon his privilege against self-incrimination, may properly refuse to answer a question or produce an item, the prosecuting attorney may make a

---

[1] The General Assembly made a cosmetic amendment to this section effective July 1, 2012, <u>see</u> Act of March 19, 2012, P.L. 126-2012, § 48, 2012 Ind. Acts 2441, but we quote the statute here as it read when the subpoenas were issued, on May 13, 2011.

5

written request that the court grant use immunity to the witness, in accordance with section 3 of this chapter.

Ind. Code § 35-37-3-2 (2008). And concludes:

> Upon request of the prosecuting attorney, the court shall grant use immunity to a witness. The court shall instruct the witness, by written order or in open court, that any evidence the witness gives, or evidence derived from that evidence, may not be used in any criminal proceeding against that witness, unless the evidence is volunteered by the witness or is not responsive to a question by the prosecuting attorney. The court shall instruct the witness that he must answer the questions asked and produce the items requested.

Ind. Code § 35-37-3-3(a) (2008).[2]

When confronted with a question of statutory construction, our primary goal is to determine and effectuate legislative intent. Cooper Indus., LLC v. City of South Bend, 899 N.E.2d 1274, 1283 (Ind. 2009). The words of the statute are the best evidence of that intent, and we therefore begin our analysis with those words. State v. Oddi-Smith, 878 N.E.2d 1245, 1248 (Ind. 2008). We presume they were "selected and employed to express their common and ordinary meanings." Porter Dev., LLC v. First Nat'l Bank of Valparaiso, 866 N.E.2d 775, 778 (Ind. 2007). We will read a clear and unambiguous statute to mean what it says, and we will neither enlarge nor restrict its plain and obvious meaning. Dep't of State Revenue v. Horizon Bancorp, 644 N.E.2d 870, 872 (Ind. 1994).

Both the plain language of the first statute ("the court shall grant use immunity to *a witness before the grand jury*") and its placement within the "Grand Jury and Special Grand

---

[2] The General Assembly made a similar cosmetic amendment to this section effective July 1, 2012, see Act of March 19, 2012, P.L. 126-2012, § 49, 2012 Ind. Acts 2441–42; again, we quote the version in effect when the subpoenas were issued.

Jury" chapter indicate unequivocally that it is only applicable to the grand jury context. Similarly, the plain language of the second statute makes clear that it applies only in a "hearing or trial occurring after an indictment or information has been filed."

Here, the prosecutor neither convened a grand jury nor filed an indictment or information. Thus, the prosecutor was not authorized to request a grant of use immunity under either of the above statutes. The source of that authority, if the authority indeed exists, must lie elsewhere.

**B. The Prosecutor's Section 33-39-1-4 Authority Does Not Extend to a Request for a Grant of Use Immunity, and Neither <u>Indiana Bell</u> Nor Any Other Precedent Confers Prosecutorial Authority in the Absence of Express Statutory Language**

The State argues the prosecutor's authority to request use immunity in this case stems from another statute, which provides:

> When a prosecuting attorney receives information of the commission of a felony or misdemeanor, the prosecuting attorney shall cause process to issue from a court (except the circuit court) having jurisdiction to issue the process to the proper officer, directing the officer to subpoena the persons named in the process who are likely to have information concerning the commission of the felony or misdemeanor. The prosecuting attorney shall examine a person subpoenaed before the court that issued the process concerning the offense.

Ind. Code § 33-39-1-4(a) (2008). On its face, this statute empowers prosecutors to subpoena witnesses. It does not empower them to provide use immunity to those witnesses; indeed, it says nothing at all about use immunity. Therefore, it does not authorize the petitions for use immunity in this case.

The State further contends that regardless of the plain statutory text, our precedent has demonstrated tacit approval of the practice at issue here. Particularly, the State points to

7

language from our opinion in In re Order for Indiana Bell Telephone to Disclose Records, 274 Ind. 131, 409 N.E.2d 1089 (1980).

In Indiana Bell, the State, believing two prison escapees had made collect telephone calls to their parents, issued a subpoena duces tecum to the telephone company to obtain the parents' telephone records. We framed the question on appeal as "whether a court has the power to issue a subpoena duces tecum to a non-party, non-witness, upon request of a prosecutor engaged in the investigation of a crime." Id. at 134, 409 N.E.2d at 1091. Although the prosecutor had neither convened a grand jury nor filed charges against the escapees, we upheld the issuance of the subpoena, concluding: "we hold that the investigatory powers of the prosecutor now parallel those of the grand jury." Id. at 135, 409 N.E.2d at 1091.

There are many reasons to decline the State's invitation to extend our Indiana Bell holding here. First, that case dealt with a subpoena duces tecum, which does not implicate the constitutional privilege against self-incrimination; here, in contrast, we are dealing with a subpoena ad testificandum, which does implicate that privilege. See Ajabu v. State, 693 N.E.2d 921, 931 n.11 (Ind. 1998) (characterizing the right against self-incrimination as "testimonial in nature"); see also U.S. v. Dionisio, 410 U.S. 1, 5–7 (1973) (characterizing the federal Fifth Amendment as a bar against compelled testimony). Second, the target of the Indiana Bell subpoena was not believed by anyone to be a target of the prosecutor's investigation; here, the parents appear to be the only targets of the investigation. Most significantly, however, it is the General Assembly's responsibility to delineate the scope of prosecutorial authority. We will not use Indiana Bell as a justification for a judicial expansion of that authority in contravention of the General Assembly's express instructions. To do so would be an encroachment into the legislative purview incompatible with our constitutionally-mandated separation of powers.

Finally, the State argues it is illogical to construe these statutes in a way that gives prosecutors fewer investigatory powers in the pre-charge investigation stage than they have after they have filed charges. But that is not what we are doing here. If a prosecutor wishes to employ use immunity to compel testimony before deciding to file charges in a case, he or she

may convene a grand jury and do so. We also recognize that the General Assembly may have had good reason to restrict use immunity—a potent tool that permits courts to override an individual's constitutional right against self-incrimination—to contexts in which there is substantial judicial oversight. See, e.g., Oman v. State, 737 N.E.2d 1131, 1138 (Ind. 2000) (noting that the judicial oversight of grand jury proceedings "militates against the possible prejudicial impact of testimonial or physical evidence improperly gathered by a prosecutor during his or her pre-charge investigation."). Both grand jury proceedings and post-charge hearings and trials provide that oversight.

We therefore hold that in a situation where, as here, no charges have been filed and no grand jury has been convened, a prosecutor may subpoena witnesses pursuant to Indiana Code § 33-39-1-4; if those witnesses invoke their constitutional right against self-incrimination, however, the prosecutor cannot petition the court to grant them use immunity and compel them to testify without first filing charges or convening a grand jury. Further, we disapprove any language in Indiana Bell that may be read to contradict our holding today.

**Conclusion**

We reverse the trial court's ruling on the motion to correct error and remand this case for further proceedings consistent with our opinion.

Dickson, C.J., Rucker, David, and Rush, JJ., concur.