ATTORNEY FOR APPELLANT
Andrew M. Barker
Barker Hancock & Cohron LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Sep 01 2016, 1:10 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 48S02-1604-MI-183

D.A.,                                                    *Appellant-Petitioner,*

v.

STATE OF INDIANA,                                        *Appellee-Respondent.*

Appeal from the Madison Circuit Court 6, No. 48C06-1408-MI-379
The Honorable Dennis D. Carroll, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 48A02-1504-MI-215

**September 1, 2016**

**Rush, Chief Justice.**

Indiana's comprehensive new expungement statutes allow the expungement of records from arrests, juvenile delinquency allegations, criminal charges, and criminal convictions. Here, D.A. successfully petitioned for the expungement of his criminal conviction records. He then filed a second petition asking for the expungement of civil forfeiture records. Because the trial court correctly held that Indiana's expungement statutes do not reach civil forfeiture records, we affirm the denial of D.A.'s second expungement petition.

**Facts and Procedural History**

During D.A.'s drug-related arrest in 2002, police seized $1,340, including $620 of marked money used in controlled cocaine buys. The State charged D.A. with two felonies—possession of cocaine and dealing in marijuana—and he was convicted on both counts. The State separately filed a civil complaint for the forfeiture of the unmarked $720, and the money was ultimately forfeited in a default judgment.

Years later, in 2014, D.A. petitioned for the expungement of several criminal conviction records, including records from his felony possession of cocaine and dealing in marijuana convictions. The trial court granted the petition, ordering the expungement of certain records related to D.A.'s convictions. D.A. then filed a second expungement petition, this time for the records of the $720 civil forfeiture. The trial court denied the petition, finding that forfeiture actions are civil in nature and the expungement statutes apply to arrests and criminal convictions—but not to civil forfeitures.

D.A. appealed that denial, and the Court of Appeals reversed the trial court in a divided opinion. D.A. v. State, 49 N.E.3d 580 (Ind. Ct. App. 2015). The majority first concluded that the expungement statutes are ambiguous about what records may be expunged. Id. at 586–87. It then interpreted the statutes to reach civil forfeitures when they are "ancillary to and premised on criminal activity for which the defendant was convicted." Id. at 587. Judge Barnes dissented, arguing that applying the expungement statutes to civil forfeitures adds language to the statutes that the General Assembly excluded and provides preferential treatment to those convicted of crimes. Id. at 588–89 (Barnes, J., dissenting).

The State sought transfer, which we have granted. Ind. Appellate Rule 58(A). We now address a single issue of first impression: whether civil forfeiture records may be expunged under Indiana's expungement statutes.[1]

---

[1] The State argued on direct appeal that D.A.'s civil forfeiture expungement petition was procedurally barred by the expungement statute's limit on multiple expungement petitions. D.A., 49 N.E.3d at 583 (citing Ind. Code § 35-38-9-9(h)). The State reasserts this argument on transfer. The Court of Appeals concluded that the State waived this argument, id. at 583–84, and we summarily affirm the Court of Appeals on this issue. App. R. 58(A)(2).

**Standard of Review**

We review this issue of statutory construction de novo. <u>Suggs v. State</u>, 51 N.E.3d 1190, 1193 (Ind. 2016).

**Discussion and Decision**

Until recently, Indiana's statutory scheme governing expungement offered little relief to those wanting to restrict access to their criminal records. Joseph C. Dugan, Note, <u>I Did My Time: The Transformation of Indiana's Expungement Law</u>, 90 Ind. L.J. 1321, 1335 (2015). In fact, Indiana's original expungement law allowed the expungement of only arrest records—and even then under strict limits. <u>See</u> <u>id.</u> (citing Ind. Code § 35-38-5-1(a) (2008) (repealed 2014)).

Then, in 2013, the General Assembly enacted new, more comprehensive, expungement statutes. Ind. Code Ch. 35-38-9. These statutes, among other changes, extended expungement to reach misdemeanor and felony conviction records in addition to arrest records. Ind. Code §§ 35-38-9-1 to -5. But the overhaul of Indiana expungement law did not stop there; rather, amendments in both 2014 and 2015 marked a continuing and significant legislative effort to broaden expungement availability.

Most notably, the 2014 amendments lowered the petitioner's burden of proof, allowed expungement of more types of records, loosened rules for filing multiple petitions, and relaxed prerequisites to filing a petition. P.L. 181-2014; <u>see also</u> <u>Taylor v. State</u>, 7 N.E.3d 362, 366 n.3 (Ind. Ct. App. 2014). The 2015 amendments then allowed expungement of criminal charges and juvenile delinquency allegations and added a section permitting the expungement of crimes with indeterminate sentences. P.L. 142-2015.

Undoubtedly, the shifts in this area of law have been considerable, with the new statutes greatly expanding the scope of criminal records eligible for expungement. With that in mind, we turn to the issue at hand—whether civil forfeiture records may be expunged.

**I.** **Under the Plain Meaning of the Expungement Statutes, Civil Forfeiture Records May Not Be Expunged.**

In this case, D.A. petitioned for the expungement of his civil forfeiture records under Indiana Code section 35-38-9-4. This section allows people convicted of certain felonies to petition for the expungement of their "conviction records." Specifically, the statute states,

> [T]he person convicted of the felony may petition a court to expunge all conviction records, including records contained in:
> > (1) a court's files;
> > (2) the files of the department of correction;
> > (3) the files of the bureau of motor vehicles; and
> > (4) the files of any other person who provided treatment or services to the petitioning person under a court order;
> > that relate to the person's felony conviction.

Ind. Code § 35-38-9-4(c) (2014).

D.A. argues that this statute is ambiguous about whether civil forfeiture records may be expunged. The Court of Appeals majority agreed, finding that while the term "conviction records" seems limiting, the subsequent phrase "records . . . that relate to the person's felony conviction" seems broad. D.A., 49 N.E.3d at 586–87. D.A. offers three reasons why we should resolve any ambiguity in favor of allowing the expungement of civil forfeiture records: (1) the language of the statute broadly applies to criminal, civil, and quasi-criminal matters; (2) the purpose of the expungement statutes is to give those convicted of certain crimes a second chance; and (3) forfeiture actions are quasi-criminal in nature so they closely relate to a conviction. But before we may accept D.A.'s position, we must first conclude that the statute's language is unclear. We cannot do so.

Our primary goal in statutory interpretation is to determine and give effect to the intent of the legislature. In re S.H., 984 N.E.2d 630, 634 (Ind. 2013). The best evidence of legislative intent is the statute's language, so we begin our analysis with those words. Id. at 635. When a statute's language allows only one meaning, we accept what it says without enlarging or restricting its plain and obvious meaning. Id.; Suggs, 51 N.E.3d at 1193–94. "In other words, when the meaning of the words is plain on paper, we need not resort to other rules of statutory construction to divine intent." Jackson v. State, 50 N.E.3d 767, 772 (Ind. 2016).

Under the plain language of Indiana Code section 35-38-9-4, civil forfeitures are not included within the "conviction records" that may be expunged. That section allows the expungement of

> all conviction records, including records contained in:
> > (1) a court's files;
> > (2) the files of the department of correction;
> > (3) the files of the bureau of motor vehicles; and

> (4) the files of any other person who provided treatment or services to the petitioning person under a court order;
>
> that relate to the person's felony conviction.

I.C. § 35-38-9-4(c). The series of file locations following "including" fall under the limiting term "conviction records." This is because the plain meaning of "include" is "[t]o contain as a part of something." Black's Law Dictionary 880 (10th ed. 2014). Here, the "something" is "conviction records," so the statute's plain language does not permit the expungement of any records that are not conviction records.

Civil forfeiture records do not meet this requirement. Indeed, it is well-settled that forfeiture actions are civil in nature and operate independently of criminal charges and convictions. See Ind. Code § 34-24-1-4 (2014); Katner v. State, 655 N.E.2d 345, 347 (Ind. 1995). Specifically, civil forfeiture actions are not brought against the person committing criminal activity; rather, they are brought against the property to be forfeited and are justified by *the property's* role in criminal activity. Serrano v. State, 946 N.E.2d 1139, 1140 (Ind. 2011) ("Civil forfeiture is a device, a legal fiction, authorizing legal action against inanimate objects for participation in alleged criminal activity . . . ."). Forfeiture records, then, are not conviction records.

And even if we accepted D.A.'s view that the term "conviction records" is expanded by the language that follows it, the statute also requires that records "relate to the person's felony conviction." I.C. § 35-38-9-4(c). Civil forfeitures cannot have that relation because "a conviction . . . is not a prerequisite for forfeiture." Katner, 655 N.E.2d at 348. In a civil forfeiture action, the State needs to prove only that the property was subject to forfeiture by a preponderance of the evidence—a criminal conviction or even criminal charges are not required. Id.

Further, the expungement statutes as a whole refer to categories of records that are criminal in nature. Section 1 of the expungement statutes allows the expungement of "records related to [an] arrest, criminal charge, or juvenile delinquency allegation." I.C. § 35-38-9-1 (Supp. 2015). The other sections apply to people convicted of a misdemeanor or felony, allowing the expungement of conviction records. I.C. §§ 35-38-9-2 to -5. The expungement statutes, then, contemplate the expungement of records only from arrests, criminal charges, delinquency allegations, and criminal convictions.

5

In sum, civil forfeiture records are not "conviction records" and do not relate to a conviction, so they may not be expunged. As Judge Barnes noted, the General Assembly is presumed to have "carefully considered" what records may be expunged. <u>D.A.</u>, 49 N.E.3d at 588 (Barnes, J., dissenting). The expungement statutes were enacted in 2013 and have been amended twice since then, affording several opportunities for the General Assembly to include civil forfeitures. <u>Id.</u> But while the General Assembly has twice expanded the expungement statutes, it has not to this point expanded them to reach civil forfeiture records. We will not judicially expand them now by grafting on additional types of records. <u>See</u> <u>In re S.H.</u>, 984 N.E.2d at 635.

## II. Grafting Civil Forfeitures onto the Statute Despite Its Plain Meaning Would Lead to Unintended Consequences.

While the plain meaning of the expungement statutes governs this case, we are sympathetic to D.A.'s argument that the purpose of the law is to provide second chances. In fact, Section 10 of the statute—which prohibits any kind of discrimination "because of a conviction or arrest record expunged or sealed under [the expungement] chapter"—clearly speaks to this purpose. I.C. § 35-38-9-10(b).

But a policy of second chances does not allow us to expand Indiana's expungement law to cover *any* record with some nexus to a criminal conviction. Although this case specifically involves civil forfeitures, criminal convictions can carry many other collateral consequences, which are frequently noted in court records and other locations:

- Dozens of employment and professional licensing restrictions. <u>See, e.g.</u>, Ind. Code §§ 25-6.1-3-2 (Supp. 2015) (auctioneer's license), 25-23-1-11 (2010) (registered nurse's license), 20-26-5-11 (Supp. 2015) (school corporation employment).

- Ineligibility for scholarships. Ind. Code §§ 21-12-6-6 (Supp. 2015) (Twenty-First Century Scholars Program), 21-12-3-13 (2014) (state higher education awards).

- For certain crimes, ineligibility for assistance programs. Ind. Code §§ 12-14-1-1 (2012) (Temporary Assistance for Needy Families), 12-15-2-20 (Supp. 2015) (Medicaid).

- Imposition of civil liability. <u>See, e.g.</u>, <u>Hardiman v. Cozmanoff</u>, 4 N.E.3d 1148, 1154 (Ind. 2014) (noting potential preclusive effects of a conviction on issues of civil liability).

- For certain parental criminal convictions, a finding that a child is in need of services (CHINS). Ind. Code § 31-34-1-3 (Supp. 2015).

Like civil forfeitures, each of these consequences results at least tangentially from criminal activity or a criminal conviction. But the expungement statutes do not cover the collateral consequences of a conviction. Such a broad application of the expungement statutes would encroach on the province of the legislature, and so we will not judicially expand the records covered in the expungement statutes beyond those explicitly listed.

Importantly, however, public access to these types of records does not diminish Section 10's prohibition on discrimination based on an expunged conviction or arrest record. In fact, Section 10's protection reaches all expunged convictions, even though conviction records from many felonies remain publicly accessible. See I.C. §§ 35-38-9-6, -7. So, public access to civil forfeiture records—or any other records that may somehow be linked to criminal activity—does not remove Section 10's strong protection. In other words, discrimination based on an expunged conviction or arrest record is prohibited—even though the criminal activity may be referenced in publicly available records.

Finally, expanding Indiana expungement law to cover civil forfeitures would disparately apply to only some petitioners. The expungement statute in this case applies "only to a person convicted of a felony." I.C. § 35-38-9-4(a) (2014). Thus, if the statute were interpreted to include civil forfeitures, then people could have their civil forfeiture records expunged only if they were convicted of a related felony. Yet, people who had property forfeited—but who were not convicted of a related crime—would have no such right. We decline to interpret the expungement statute to reach such an illogical result. See, e.g., Sales v. State, 723 N.E.2d 416, 420 (Ind. 2000) ("The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an unjust or absurd result."). If civil forfeiture records could be expunged under the statute, we would expect that all people who had property forfeited—whether or not they were also convicted of a crime—would be included.

**Conclusion**

Indiana's comprehensive new expungement statutes provide second chances by broadly allowing records from arrests, juvenile delinquency allegations, criminal charges, and misdemeanor and felony convictions to be expunged. But the plain meaning of the relevant expungement statute does not include civil forfeiture records. Accordingly, we affirm the trial court.

David, Massa, and Slaughter, JJ., concur.

Rucker, J., concurs in result.