FILED

Feb 03 2017, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Lonnie L. Burton | Curtis T. Hill, Jr. |
| Aberdeen, Washington | Attorney General of Indiana |
| | |
| | Kyle Hunter |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lonnie L. Burton, | February 3, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 10A01-1606-XP-1327 |
| v. | Appeal from the Clark Circuit Court |
| State of Indiana, | The Honorable Joseph P. Weber, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 10C03-1511-XP-36 |

**Vaidik, Chief Judge.**

# Case Summary

Lonnie L. Burton petitioned to expunge two Class D felony convictions (theft and fraud) pursuant to Indiana Code section 35-38-9-3, and the State moved to dismiss, arguing that Burton is not eligible for expungement because he is a "sex or violent offender" based on other convictions. The trial court granted the State's motion to dismiss, and Burton appeals. Because the plain language of Section 35-38-9-3(b) provides that a "sex or violent offender" is not eligible for expungement of Class D/Level 6 felonies, we affirm the trial court.

# Facts and Procedural History

In November 2015, Burton filed a petition to expunge two 1992 Class D felony convictions (theft and fraud) from Clark Circuit Court pursuant to Section 35-38-9-3. Burton's petition listed all of his convictions, which include 1992 convictions for rape, child molestation, and sexual exploitation of a minor from the State of Washington and a 1994 conviction for rape from the State of Washington. Appellant's App. Vol. II p. 9. The State moved to dismiss Burton's expungement petition. Specifically, the State argued that Burton was not eligible to expunge his Class D felony convictions because Section 35-38-9-3 does not apply to a "sex or violent offender" and Burton is a "sex or violent

offender" based on his State of Washington convictions. *Id.* at 14-15. The trial court granted the State's motion without holding a hearing.[1] *Id.* at 5.

Burton, pro se, now appeals.

# Discussion and Decision

Burton contends that the trial court erred in dismissing his expungement petition. By enacting the expungement statutes, our legislature intended to give individuals who have been convicted of certain crimes a second chance by providing an opportunity for relief from the stigma associated with their criminal convictions. *Cline v. State*, 61 N.E.3d 360, 362 (Ind. Ct. App. 2016). Because the expungement statutes are inherently remedial, they should be liberally construed to advance the remedy for which they were enacted. *Id.*

Here, Burton filed an expungement petition pursuant to Section 35-38-9-3. Under this section, a person convicted of a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a crime committed after June 30, 2014) may petition for expungement eight years after the date of

---

[1] Burton, citing Indiana Code section 35-38-9-9(a), argues that the trial court erred by not holding a hearing in light of the State's objection to his expungement petition. This Court has already examined this issue, concluding that according to Section 35-38-9-9(b), even if the State objects, the trial court may nevertheless summarily deny a petition if it is facially defective or reveals that the petitioner is not eligible for expungement. *Key v. State*, 48 N.E.3d 333, 337-38 (Ind. Ct. App. 2015). Here, the State filed a motion to dismiss alleging that Burton is not eligible for expungement because he is a "sex or violent offender," and the trial court granted the State's motion. Accordingly, the trial court did not err by summarily denying Burton's petition. *Cf. id.* at 338-39 (holding that summary denial was not appropriate because there was no evidence, for example, that "Key's petition was filed too soon or that he was convicted of a disqualifying offense").

conviction (unless the prosecutor consents in writing to an earlier period). Ind. Code Ann. § 35-38-9-3(a), (c) (West Supp. 2016). If the trial court finds by a preponderance of the evidence that the requirements of subsection (e) have been met, it "shall" order expungement. I.C. § 35-38-9-3(e). Section 35-38-9-3, however, does not apply to:

> (1) An elected official convicted of an offense while serving the official's term or as a candidate for public office.
>
> (2) **A sex or violent offender (as defined in IC 11-8-8-5)**.
>
> (3) A person convicted of a felony that resulted in bodily injury to another person.
>
> (4) A person convicted of perjury (IC 35-44.1-2-1) or official misconduct (IC 35-44.1-1-1).
>
> (5) A person convicted of an offense described in:
>
>> (A) IC 35-42-1;
>>
>> (B) IC 35-42-3.5; or
>>
>> (C) IC 35-42-4.
>
> (6) A person convicted of two (2) or more felony offenses that:
>
>> (A) involved the unlawful use of a deadly weapon; and

> > (B) were not committed as part of the same episode of criminal conduct.

> I.C. § 35-38-9-3(b) (emphasis added).

[6] Burton does not dispute that he is a "sex or violent offender" as defined in Section 11-8-8-5 by virtue of his State of Washington convictions for rape, child molestation, and sexual exploitation of a minor. Instead, Burton argues that Section 35-38-9-3(b) is a list of offenses that "may not themselves be expunged, and do not disqualify a person convicted of one of those offenses from seeking expungement on other convictions not listed." Appellant's Br. p. 10. This is a question of law, which we review de novo.

[7] Our primary goal in statutory interpretation is to determine and give effect to the intent of the legislature. *D.A. v. State*, 58 N.E.3d 169, 171-72 (Ind. 2016) (examining expungement statute). The best evidence of legislative intent is the statute's language, so we begin our analysis with those words. *Id.* "When a statute's language allows only one meaning, we accept what it says without enlarging or restricting its plain and obvious meaning." *Id.* at 171-72. "'In other words, when the meaning of the words is plain on paper, we need not resort to other rules of statutory construction to divine intent.'" *Id.* at 172 (quoting *Jackson v. State*, 50 N.E.3d 767, 772 (Ind. 2016)).

[8] We find that the statutory language is plain. That is, Section 35-38-9-3(b) provides that expungement of Class D/Level 6 felonies is not available to people who have been convicted of certain disqualifying offenses. Most of the offenses listed are Class C/Level 5 felonies and higher, such as murder (Indiana

Code section 35-42-1-1).  Contrary to how Burton would have the statute read, Section 35-38-9-3(b) does **not** say that expungement is not available if the conviction sought to be expunged is "_____."  In addition, Section 35-38-9-3(b) provides that expungement of Class D/Level 6 felonies is not available to a "sex or violent **offender**"; notably, it does **not** say a "sex or violent **offense**." This is critical because a "sex or violent offender" has a very specific meaning. Because Burton is a "sex or violent offender" as defined by Section 11-8-8-5, he is ineligible for expungement of his Class D felonies under Section 35-38-9-3.[2] We therefore affirm the trial court's dismissal of his petition.

[9]     Affirmed.

Bradford, J., and Brown, J., concur.

---

[2] Indiana Code section 35-38-9-2 governs expungement of misdemeanors.  Unlike the statute as issue here, Section 35-38-9-2 does not state that it is inapplicable to a "sex or violent offender."  Accordingly, a "sex or violent offender" is eligible for expungement of misdemeanors.